### STEPHEN CONGAR v. HUDSON McFARLAN.

Where a defendant under arrest upon a warrant, deposited with the justice a sum of money, as security for his future appearance, he cannot maintain an action for money, had and received, against the justice who paid the sum deposited to the plaintiff in the first suit.

This was a certiorari directed to the Common Pleas of Morris. The facts and nature of the suit are fully disclosed in the opinion of the court, delivered by the Chief Justice.

*J. W. Miller*, for plaintiff in certiorari.

*Speer*, for defendant.

HORNBLOWER, C. J. The plaintiff in certiorari being a justice of the peace, issued a warrant in debt against one Striker, at the suit of William Ford. Striker was arrested and brought before Congar, the justice, by the officer. Ford, the plaintiff, was there ready for trial and filed his state of demand. The defendant, Striker, wished an adjournment, and offered McFarlan, the defendant in this suit, as his bail, but McFarlan not

being a freeholder, Congar, the justice, refused to take him as security. Striker then offered to deposit fifty dollars with the justice as security for his appearance at another day, which the justice accepted and adjourned the cause. On the adjourned day, the parties attended and proceeded to trial ; after the evidence was closed, and while the justice was making up his opinion, the defendant withdrew and did not afterwards return. The justice, however, rendered judgment against him and in favor of Ford, the plaintiff, for forty-nine dollars and fifty cents of debt, and two dollars and fourteen cents costs. The trial took place and the judgment was entered on the 15th March, 1832. An execution was then drawn, but never actually delivered to any constable, it being understood that the defendant had gone away. Thus matters remained until the 28th June following, when neither the defendant or any person in his behalf appearing to claim the money, the justice paid over the fifty dollars to Ford, the plaintiff in that suit, on account of the debt and costs due to him. On the 16th March, 1833, about nine months after the money had been thus paid over to Ford, by the justice, McFarlan sued Congar, the justice, for the fifty dollars, with interest, claiming it to be his, and insisting it was money had and received by Congar to his use, on the ground that he, Congar, had no right to take the money as security for the appearrance of Striker, in lieu of the security directed by the act. Of that opinion was the justice before whom McFarlan sued Congar, and he gave judgment against him for the amount. Congar appealed to the Common Pleas of Morris, and that court reversed the judgment of the justice, but in lieu of it rendered one in favor of McFarlan for a larger sum, viz. fifty-four dollars and ninety three cents (being the aggregate amount of the fifty dollars, with interest from the time it was left in Congar's hands) with costs, &c.

The certiorari in this case is brought by Congar, to have these proceedings against him reversed.

Admitting, for the present, that Congar acted illegally, in receiving the money in lieu of the security required by law, for the appearance of Striker, McFarlan cannot, on that ground, claim to have it. If he is entitled to it at all, it must be because it was *his* money and received by the justice *as such*, or for *his*

Congar v. McFarlan.

*use.* He must have been legally entitled to it at the time it came into Congar's hands, or he must have acquired a title to it since, by the consent, express or implied, of Congar—2 *Saund. on pl. and evid.* 212, *et* 899, and cases there cited.

But it appears to me the plaintiff below has entirely failed to make out any title to the money. If he recovers, it must be upon the strength of *his* own title, and in a case like this, he ought to show a clear title. But how does he do it? We have the whole case sent up here, and the only evidence produced or offered by the plaintiff below, is the record of Congar, the justice, or the entry, or memorandum, made by him of the transaction in his docket, and let us see what that amounts to. The entry is in these words, viz. " the defendant said he was not ready for trial and requested the cause adjourned and offered to enter into recognizance and offered Hudson McFarlan as his security, who not being a freeholder, I refused to receive him. The defendant then offered to pay over to me fifty dollars in lieu of the recognizance in the same way as if a recognizance had been taken for his appearance and given according to the statute, and *he* having paid the same to me, by his friend, Hudson McFarlan, I received the same and adjourned." I can find no admission, nor any evidence in this memorandum, that the money, when it came into the hands of Congar, belonged to, or was received by Congar, *as* the money of McFarlan, or for his use; nor does the statement afford any ground from which a court or jury might legally infer such to be the case. The only suspicion suggested by the language used in the docket, is that McFarlan *lent* the fifty dollars to his friend Striker. But if it was so, that will not help him. To put the case in the most favorable light for the defendant in certiorari, suppose the justice had entered on his docket, in express terms, that Striker borrowed the money of McFarlan; or that McFarlan *lent* the money to Striker, and by his direction paid it to the justice, would that help the defendant in certiorari? Could he sue Congar for money he had *lent* to Striker? The answer is so obvious that it need not be expressed.

In the total absence of all other evidence of ownership and right on the part of McFarlan to the money in question, I consider it quite unnecessary to pursue the case any further, and am

.of opinion, that as well the judgment of the justice, as that of
:the Common Pleas on the appeal, be reversed and set aside.

CITED in *Sergeant* v. *Stryker*, 1 *Harr*, 469.