THE ESTERBROOK STEEL PEN MANUFACTURING COMPANY

*v.*

SIMEON J. AHERN.

1. After a final decree on a default, and an order to account had been entered on a bill to redeem certain securities, the defendant was adjudged a bankrupt, and an assignee appointed.—*Held*, that the suit

Esterbrook Co. *v.* Ahern.

was not thereby abated; that it was not the duty of the complainants to make such assignee a party, but that, if the assignee desired to appear in the suit, it was his duty to apply for leave to be substituted for the defendant.—*Held,* also, accordingly, that he was bound by the proceedings.

2. A petition, filed by a stranger to the suit, claiming the payment of moneys paid into court in the cause, to satisfy a judgment recovered by him against the defendant in a foreign state, dismissed on the ground that the petitioner, not being a party to the suit, had no standing and could have no relief therein, and that the proceedings for the purpose should be by bill.

Bill for account, &c. On petition of James J. Gerber, assignee in bankruptcy of the defendant, to be admitted as a defendant, and that the cause may be reheard; and on petition of the Elizabethtown Savings Institution, that the amount decreed to be due to the defendant from the complainants, and by them paid into this court, be paid over to the petitioner, on account of a judgment recovered by them against the defendant, Simeon J. Ahern, in the state of New York, in supplemental proceedings wherein it was ordered by a judge of the supreme court of that state, on the 2d of March, 1878, that the amount due from the complainant to the defendant, in the accounting in this suit, be paid to the petitioners in part payment of the amount due them on that judgment.

*Mr. H. Wallis,* for the complainants and for the Elizabethtown Savings Institution.

*Mr. W. P. Wilson,* for the assignee.

THE CHANCELLOR.

This matter comes before me on a rehearing of the petitions. The suit was brought to recover certain securities

NOTE.—In this case there were two opinions filed by the chancellor, and, through an inexcusable blunder of the reporter, the one first written was printed in *3 Stew. 341,* as the opinion of the court. To rectify that mistake as far as possible, the later one is here inserted.—REP.

belonging to the complainants, upon which the defendant had a claim for money due him from them.   The bill prayed an account from him, and that, on the payment to him, by them, of the amount due, he should be required to deliver up the securities.   He did not appear to the suit, although duly served with process.   The bill was duly taken as confessed, and, on the 9th of January, 1877, a final decree for account and discovery was made against him on proofs taken *ex parte*.   By that decree it was referred to a master to take the account.   The master's report of the account is dated May 28th, 1878, and, on the 25th of June following, a decree was made that the complainants pay into court the amount found to be due from them to the defendant, on the accounting, less the amount of their taxable costs of this suit; and that, on the production of the clerk's receipt therefor, they were entitled to have and receive from the defendant all notes, checks, drafts and other evidences of debt received from them by him, as stated in the bill of complaint, and that he forthwith deliver them up accordingly.   The defendant was adjudicated a bankrupt on the 16th of April, 1878, and the petitioner, James J. Gerber, was appointed his assignee, and accepted the appointment on the 20th of May following, so that the adjudication of bankruptcy and the assignment were made after the final decree and during the accounting.   The assignee insists that the order made on the accounting is void, on the ground that, at the time it was made, all the right of the defendant in the subject of the controversy had devolved on him as his assignee in bankruptcy, and that, upon the making of the assignment, it was the duty of the complainants to make him a party to the suit and to stay the action until that had been done.

It is true that it is laid down, that where a party, who is a defendant to a suit in equity, becomes bankrupt, it will be necessary for the complainant, if he proceeds with the suit, to bring the assignee before the court (*Story's Eq. Pl.* § *329; Sedgwick* v. *Cleveland, 7 Paige 290; Williams* v.

*Winans, 5 C. E. Gr. 392 ; 1 Daniell's Ch. Pr. 159*); but the bankruptcy of the defendant after the commencement of the suit, while it renders the suit defective, does not cause an abatement. *Story's Eq. Pl. ; Daniell's Ch. Pr., ubi supra.* There are cases even in the English practice where it has been held that the bankruptcy of the defendant will not render the suit defective; as in *Pepper v. Henzell, 11 Jur.* (*N. S.*) *840,* where a discovery was sought.

In the case before me, there was no appearance by the defendant, and there was a final decree before the adjudication in bankruptcy. Nothing remained thereafter but to ascertain what amount of money was due to the defendant from the complainants, and that proceeding, there being no appearance of the defendant, was *ex parte.* There is no reason for holding that the proceedings subsequent to the assignment are void or even irregular. It was incumbent on the assignee to apply, if he desired to intervene in the suit. He did not do so, however. He waited until after the account had been taken and the order made thereon, until the case had been completely closed, before he sought to intervene. There is no ground for admitting him. He is bound by all the equities in regard to the securities by which the defendant was bound. *Cook v. Tullis, 18 Wall. 341.* When the adjudication in bankruptcy was made, the complainants had been decreed to be, and they then were, entitled to the securities on paying the amount due from them to the defendant, and nothing remained but to establish the amount. In *Cleveland v. Boerum, 24 N. Y. 613,* it was held that an assignee in bankruptcy, under the act of 1841, who had notice of a suit for the foreclosure of a mortgage pending against the bankrupt, which he could defend in the name of the bankrupt, was bound by the decree, though he was not made a party and did not intervene in the suit; and, in *Eyster v. Gaff, 1 Otto 521,* it was held that where the assignee in bankruptcy of a mortgage is appointed during the pending of proceedings for the foreclosure and sale of the mortgaged premises, he stands as

any other purchaser would stand on whom the title had fallen after the commencement of the suit, and, if there is any reason for interposing, he should have himself substituted for the bankrupt or be made a defendant; and it was also held that a court cannot take judicial notice of the proceedings in bankruptcy in another court, and that it is the duty to proceed as between the parties before it, until, by some proper pleadings in the case, it is informed of the changed relations of any of such parties to the subject matter of the suit. It is for the assignee to determine whether he will apply to be permitted to intervene, and, if he does not do so, he is bound by the result of the suit. He may be unwilling to apply, for the reason that he conceives that the litigation would be unprofitable, and, therefore, he may prefer to give no attention to the suit. The court, in *Eyster* v. *Gaff*, declared that it is a mistake to suppose that the bankrupt law avoids, of its own force, all judicial proceedings in state or other courts the instant one of the parties is adjudged a bankrupt, and added that there is nothing in the act which sanctions such a proposition.

In this case the final decree would have been binding on the assignee if he had applied and had been admitted. *Mitf. 68.* If admitted, it would only have been to be present at the accounting. Had he desired that privilege, it was incumbent on him to make application for it. He surely comes too late, when he comes after the final order has been made and the suit is ended. The order admitting him will be vacated and his petition will be dismissed, but without costs.

The petition of the Elizabethtown Savings Institution prays that the money paid into court by the complainants be paid over to them on account of a judgment recovered by them, in New York, against the defendant. It alleges that, on supplementary proceedings on the judgment, an order was made before the defendant's bankruptcy, directing him to pay over the money to them. The petitioners are strangers to this suit. Their petition for the payment

of the money over to them cannot be entertained. *Linn* v. *Wheeler, 6 C. E. Gr. 231.*

In order to reach the money in court by proceedings *in invitum*, they must file a bill.

Their petition will be dismissed.