John Warren's claim against the defendant company was adjudged by the receiver to be $36,250. The Trust Company of New Jersey levied upon Warren's right, title and interest in the fund in the hands of the receiver to make its judgment of $2,870.77. Upon the trust company, other claimants, and Warren's trustee in bankruptcy making demands upon the receiver for payment, he deposited the money in court. It has been distributed except $3,500. Warren's trustee in bankruptcy, appointed in proceedings begun more than four months after the levy, resists the trust company's motion for payment of its judgment out of the fund, on the ground that the levy was upon funds in custodia legis, and, therefore, not effective. The objection is not good in these proceedings, and for the reason that the court has custody and jurisdiction of the fund. That is the settled law of this state. The judges who spoke in Crane v. Freese, 16 N.J. Law 305;Conover v. *Page 348 Ruckman, 33 N.J. Eq. 303, and Fredd v. Darnell, 107 N.J. Eq. 249,
held that a levy on money in custodia legis is valid and, though not enforcible by the court issuing the writ under which the levy is made, is recognized and enforced by the court having control of the fund.
The judgment will be ordered paid.