JAMES V. MORAN, PLAINTIFF, v. LOUIS C. JOYCE, Jr., DEFENDANT.

Argued February 24, 1940—Decided March 5, 1940.

For the plaintiff, *John V. Moran.*

For the defendant, *Joseph Beck Tyler.*

For the garnishee, *Frank S. Norcross.*

· DONGES, J. By this rule to show cause plaintiff seeks an order directing the Camden Trust Company, as garnishee, to pay to the sheriff the proceeds of two accounts in that bank, one in the name of Louis C. Joyce, Jr., Settlement Trustee Account of $1,073.37, and the other in the name of Louis C. Joyce, Jr., Agent Account of $847.00, and in the alternative seeks the appointment of a receiver.

It appears that the plaintiff is the holder of a judgment entered October 31st, 1939, against Louis C. Joyce, Jr. Pursuant to a writ of execution, the sheriff levied on the aforesaid accounts. Thereupon Joyce, as agent and as trustee, made application to the Court of Common Pleas for a venire to summon a jury to determine whether the accounts were the property of Joyce individually or Joyce as agent and as trustee. A trial of this issue was had on December 26th, 1939, and the judge of the Court of Common Pleas directed a verdict in favor of the claimants and against the plaintiff herein. Judgment was accordingly entered. At the trial, the plaintiff objected to the jurisdiction of the Common Pleas to try the issue, but was overruled. It is stated that thereafter the bank paid out the funds on the checks of Joyce as trustee and as agent.

In the face of that judgment, the plaintiff seeks to obtain the remedies mentioned above by the rule to show cause.

I am of the opinion that the judgment of the Common Pleas is a bar to relief under this rule to show cause. The plaintiff here makes collateral attack upon the judgment of that court, but such attack may be made only on the ground of lack of jurisdiction.

· The Common Pleas assumed jurisdiction under sections 2:26-122 et seq. of the Revised Statutes. Section 2:26-122 provides:

"When, by virtue of an execution issued out of any court of this state, goods or chattels are levied on or taken into possession by a sheriff or other authorized officer, and claim is made thereto by a person other than the execution defendant, by notice in writing delivered to the officer executing the writ, the officer shall immediately delay his sale thereunder for ten days, to enable the claimant to apply within the term to a

judge of the court of common pleas of the county wherein the goods and chattels were seized for a venire for a jury of twelve to try the right of the claimant to the property seized."

Plaintiff points out that this section mentions only a levy upon goods or chattels, and in the instant case the levy was upon bank accounts. At the time this section was adopted, rights and credits were not subject to levy in execution. Subsequently, in 1915, rights and credits were made subject to execution. I am of the opinion that the Execution act must be considered in its entirety and it was the intention of the legislature when it made rights and credits subject to levy to put them in every respect in the position of goods and chattels. To hold otherwise would mean that a third party claimant to rights and credits would not have the same remedy to enforce his claim as would a claimant to goods and chattels. It would mean that a garnishee might run the danger of paying under court order on a levy on rights and credits and then be subject to a suit by a third party claimant having valid claim to the credits.

In *Deakman* v. *The Odd Fellows Hall Association*, 11 *N. J. Mis. R.* 646, the Supreme Court dealt with the validity of a writ of execution by which levy was made upon rights and credits. When the 1915 amendment to the Execution act was made including rights and credits, no change was directed to be made in the form of the writ of execution, which mentioned only goods and chattels, and it was argued that such a writ was ineffectual to accomplish a levy upon rights and credits. The Supreme Court held otherwise, saying: "When the legislature, without modifying the form of the writ of execution or authorizing the courts to modify it to suit supplementary legislation, incorporated within its purview additional objects upon which it could operate, it is fair to assume that the writ in its then form was intended to be continued and to be operative in its effects so as to include the additional subjects." I think, likewise, that the entire machinery of the Execution act was intended to apply with respect to the additional objects of rights and credits as it did theretofore with respect to goods and chattels, and therefore the Common Pleas Court had jurisdiction to entertain the claim. Any

other invalidity in the judgment of that court would have to be attacked directly upon *certiorari* and cannot be reviewed here. Whether the remedy was available to the claimant as trustee and as agent as a third person and whether the evidence warranted the judgment of the Common Pleas Court are questions of fact and law which I do not now pass upon.

I think there is no right to the appointment of a receiver, because the garnishee does not admit a debt due the execution defendant and the execution has not been returned *nulla bona*.

The rule to show cause is discharged.