20 N.J. Super. 173 (1952)
89 A.2d 463
ANNA NAGLIERI, PLAINTIFF-RESPONDENT,
v.
ELVIRA TRABATTONI, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued June 2, 1952.
Decided June 16, 1952.
*174 Before Judges EASTWOOD, BIGELOW and FRANCIS.
Mr. H. David Zerman argued the cause for the plaintiff-respondent (Mr. John Donadio, attorney).
Mr. Joseph L. Freiman argued the cause for the defendant-appellant.
*175 The opinion of the court was delivered by EASTWOOD, S.J.A.D.
The defendant, Elvira Trabattoni, appeals from an order of the Law Division, authorizing execution upon plaintiff's judgment and levy upon the credit of $400 due from the clerk of that court to the defendant. A chronology of events may serve to clarify the circumstances.
On October 18, 1950, the Law Division vacated a default judgment theretofore entered in favor of the plaintiff and against the defendant, on the condition that the defendant deposit with the clerk of the court the sum of $400, to be held pending the outcome of the trial of the issue.
On May 24, 1951, on plaintiff's appeal, this court set aside the aforementioned order (Naglieri v. Trabattoni, 14 N.J. Super. 54 (App. Div. 1951)).
On September 21, 1951, approximately four months after the reversal by this court, while the said sum of $400 remained in possession of the clerk of the court, plaintiff applied for a writ of execution and a levy against the deposit. The defendant moved for an order to direct the clerk to pay the sum of $400 to Emilio Trabattoni, the defendant's husband. Two affidavits supported defendant's motion, one by the defendant debtor and one by her husband, stating that the defendant's husband had borrowed the money to make the deposit for his wife. The court granted plaintiff's motion and denied defendant's.
The defendant contends that the effect of the judgment of the Appellate Division was to vacate every part of the October 18, 1950, order and that thereupon the plaintiff became entitled to the return of the $400 deposit; that the deposit cannot be used for any other purpose than that for which it was made, to wit, to guarantee a source from which plaintiff might at least obtain partial satisfaction of any judgment that might be obtained on the trial of the merits of the case; and, since no trial of the merits was had, the money should be returned.
The plaintiff asserts that the court may order execution against a credit due from the clerk of that court to the *176 judgment debtor; that the funds were in custodia legis of the clerk of the court in which the default judgment had been rendered, and the execution by which the plaintiff sought to satisfy the judgment she held against the defendant was properly issued out of the same court.
The authority for execution and levy upon rights and credits of debtors is found in R.S. 2:26-168 et seq., now N.J.S. 2A:17-57 et seq.
As applied to monies in custodia legis it is said in Fredd v. Darnell, 107 N.J. Eq. 249 (Ch. 1930), at p. 253:
"* * * It is a general rule that money or other property in the hands of an officer of a court is regarded as being in custodia legis, and in consequence ordinarily cannot be reached by execution in the absence of legislative authority. That rule appears to be based upon a necessity, incident to orderly judicial procedure, for any court which has acquired primary jurisdiction over property to continue the exercise of that jurisdiction free from embarrassments or conflicts with other courts arising from subsequent claims against the same property. Since a levy ordinarily embodies the elements of dominion and control of the property levied upon, such a levy upon property in custodia legis may seriously interfere with orderly administration by the primary tribunal. Accordingly the test of immunity of property in custodia legis may in general be said to be whether substantial confusion or embarrassment to the initial jurisdiction would result from the enforcement of process against the property by another tribunal. * * *"
See also Bernstein v. N.J. Bankers Securities Co., 115 N.J. Eq. 347 (Ch. 1934) and Vineland Savings and Loan Ass'n. v. Felmey, 12 N.J. Super. 384 (Ch. 1950). Under the circumstances here, the deposit was not immune from execution and levy.
The $400 deposit was made and held in the name of Elvira Trabattoni. There is nothing in the record of the proceedings to indicate that the sum deposited was the property of any one other than the defendant, save the affidavits filed by defendant and her husband in an attempt to resist plaintiff's application for writ of execution.
Defendant's husband was not a party to this suit. Although four months elapsed between the time of the reversal *177 by the Appellate Division of the order to reopen the default judgment and the plaintiff's application for execution, the plaintiff made no attempt to secure the return of the deposit, nor did the husband institute any proceeding to establish his claim of alleged ownership. If Mr. Trabattoni had some property right in the sum deposited with the court which he sought to protect, he had available to him a separate remedy at law. Bruen v. Ogden, 11 N.J.L. 370 (Sup. Ct. 1830); Esterbrook Co. v. Ahern, 31 N.J. Eq. 3 (Ch. 1879). Cf. Congar v. McFarlan, 14 N.J.L. 370 (Sup. Ct. 1834).
R.S. 2:26-122, now N.J.S. 2A:17-29, provides, inter alia:
"When, by virtue of an execution issued out of any court of this state, goods or chattels are levied on or taken into possession by a sheriff or other authorized officer, and claim is made thereto by a person other than the execution defendant, by notice in writing delivered to the officer executing the writ, the officer shall immediately delay his sale thereunder for 10 days, to enable the claimant to institute an action to establish the claim in said court or the county court of the county wherein the goods and chattels were seized. The action shall proceed in a summary manner and shall be tried by jury, unless a jury be waived by the parties to the action."
Subsequent to the enactment of this statute in 1915, rights and credits were made proper subjects of execution. R.S. 2:26-168 et seq., supra. As stated in Moran v. Joyce, 124 N.J.L. 255, 257 (Sup. Ct. 1940), affirmed 127 N.J.L. 562 (E. & A. 1942):
"* * * the Execution act must be considered in its entirety and it was the intention of the legislature when it made rights and credits subject to levy to put them in every respect in the position of goods and chattels. To hold otherwise would mean that a third party claimant to rights and credits would not have the same remedy to enforce his claim as would a claimant to goods and chattels. It would mean that a garnishee might run the danger of paying under court order on a levy on rights and credits and then be subject to a suit by a third party claimant having valid claim to the credits."
The record is entirely devoid of any evidence of the requisite statutory action having been taken by the defendant's *178 husband to assert any property right he may have had in the $400 deposited with the court.
The order is affirmed.