## Wilson *versus* Wood & trustee.

In this Court, when acting upon exceptions, it is too late to object to the appearance in the Court below, of the attorney who there filed the exceptions.

The decision of the Court below, upon the answers of one summoned as trustee, respecting the deposit with him, by the principal defendant, of a negotiable note, and of his liability to account for the same, is not of that class, in which an adjudication of that Court, as to matters of fact, is conclusive.

A chose in action is not trusteeable as goods, effects or credits.

Thus, one holding an indorsed promissory note, under an obligation to the principal defendant, to account for it, *when collected,* is not chargeable for it as trustee.

ON EXCEPTIÕNS from the *District Court,* HATHAWAY, J.

The question is upon the chargeability of the supposed trustee. By his disclosure, the following appear to have been the facts, so far as considered by the Court to be material.

Wood, being indebted to the trustee, delivered to him an indorsed negotiable note for a larger sum, and took back an obligation by which the trustee bound himself to pay to Wood the surplus when collected.

The trustee considered the transaction as an absolute purchase of the note.

The Judge ruled that the trustee was chargeable, and an attorney of the Court excepted to the ruling.

In the Court below, and also in this Court, the plaintiff objected to the right of the attorney to file the exceptions, and moved that they be dismissed.

The opinion of the Court, SHEPLEY, C. J., WELLS, RICE and APPLETON, J. J., was drawn up by

SHEPLEY, C. J. — The plaintiff insists, that the attorney, who appeared for the trustees and filed the exceptions in the District Court, had no authority to appear for him, and that the exceptions should not be entertained.

That question should have been presented and determined in that Court. Nothing is presented for decision in this Court not contained in the bill of exceptions. The exceptions appearing to have been regularly presented and allowed in that Court, and to have been regularly presented here, the trustee becomes entitled to have a decision upon them.

Another objection is, that exceptions will not be entertained, because the case was appealable. It does not appear, that the case was appealable. In his argument, the plaintiff states, that the principal was defaulted in the District Court, at May term, 1851, and the adjudication upon the disclosure appears

Wilson *v.* Wood.

to have been made at October term, 1851, when the case was not appealable.

A further objection is, that exceptions will not lie to a decision of the District Court upon matters of fact, and this case is alleged to come within that rule.

The decisions referred to have reference to cases arising under the sixty-ninth section of the statute authorizing a decision, that goods are holden under a fraudulent and void conveyance, and to cases, in which testimony not contained in the disclosure has been introduced, and not to cases like the present.

It is admitted, that process was served upon the trustee on August 24, 1849. It is provided by statute, ch. 119, § 3, that no person shall be adjudged trustee " by reason of money or other thing due from him to the principal defendant, unless it is at the time of the service of the writ upon him due absolutely and without depending on any contingency."

The contingency named in the statute is one, which may prevent the principal from having any claim upon the trustee, or right to call upon him to account. *Dwinel* v. *Stone*, 30 Maine, 384.

The trustee, by his contract made on April 5, 1849, agreed to pay the principal a certain sum, when the note received of him was collected. The words " when the same is collected" do not have reference to the time only, when payment was to be made, but they embrace the fact of collection. If the note received had never been, and could not have been collected, the principal would have had no claim upon the trustee ; and he was not therefore indebted to the principal absolutely, until after the note had been collected. It was not collected for many months after service of the process upon the trustee.

*Exceptions sustained and trustee discharged.*

*Wilson*, for the plaintiff.

*A. W. Paine*, for the trustee.