[No. 1109.]

## B. REINHART ET AL., RESPONDENTS, *v.* Z. T. HARDESTY, APPELLANT.

GARNISHMENT—DEBTS NOT DUE.—Debts not actually due or owing, but depending on a contingency, cannot be reached by garnishment.

APPEAL from the District Court of the Seventh Judicial District, Elko County.

The facts bearing upon the question decided are sufficiently stated in the opinion.

*Robert M. Clarke*, for Appellant:

I. The statute is positive that *all* property not exempt may be levied upon under attachment. (Civil Pr. Act, secs. 127, 129, 219.) Under these sections a debtor can have no property in this state not exempt from execution, which cannot be reached by attachment. (Freeman on Ex., sec. 112; *Davis v. Mitchell*, 34 Cal. 82; *Crandall v. Blen*, 13 Cal. 15; *Robinson v. Tevis*, 38 Cal. 612.)

II. E. C. Hardesty's interest in this agreement was valuable property not exempt from execution, and could certainly be attached in some manner. It must be admitted that such interest as he had was property "not capable of manual delivery." His right was a valuable one, not capable of manual

delivery and not negotiable. Such property can only be levied upon by garnishment. (sec. 128.) After such levy this property was held for the satisfaction of any judgment that was thereafter obtained in that action. (1 Comp. L., 1184.)

III. The lien of an attachment is destroyed by nothing but its dissolution. (1 Comp. L., 1191; Drake on Attach.; sec. 224.)

IV. Garnishment extinguishes the defendant's rights in the property and prevents him from making any assignment or disposition of it, which will prevent its being applied to the satisfaction of any judgment which may be obtained. (Drake on Attach., sec. 453; Freeman on Ex., sec. 41; 16 Mass. 317.) It follows that the assignment made by E. C. Hardesty to the plaintiffs in this action on July 26, 1880, and long after the garnishment was made, passed no title to them except what was subject to that garnishment. (*Davis* v. *Mitchell*, 34 Cal. 82; *Crandall* v. *Blen*, 13 Cal. 15.)

V. Negotiable paper not due can be levied upon by garnishment, if it is in the hands of a third person. The only reason why this cannot be done by garnisheeing the payor is, because to do so would bring it in conflict with the law merchant, which is that a *bona fide* purchaser in good faith of such paper takes it clear of all claims and offsets. If such paper has lost its negotiability by being overdue, or for any other reason, it can be levied upon by garnisheeing the payor as well as any other property.

*A. C. Ellis* and *J. W. Dorsey*, for Respondent:

I. At the time of the levy of the execution E. C. Hardesty had no interest in the contract, of which fact defendant was duly notified, as appears in the record.

II. The interest held by E. C. Hardesty was assignable. (*Arques* v. *Wasson*, 51 Cal. 622; 24 Am. Rep. 682; *Putnam* v. *Cushing*, 10 Gray, 334; *Smith* v. *Beattie*, 31 N. Y. 542.) The contract in question was a mere evidence of prospective indebtedness, dependent upon remote and uncertain contingencies. It depended upon the industry and intent of Z. T. Hardesty as to whether he would farm at all or not. It depended upon his integrity. It depended upon the *seasons*,

upon the rains and snows, and upon his life.   If there were a
breach the action would sound in damages, and the damages
would be unliquidated, and hence the attachment of such a
contract conferred no right.   (Freeman on Ex. 161, 113,
167; Drake on Att. 481–2; *Clarke* v. *Gibson*, 12 N. H. 386;
*Webber* v. *Doran*, 70 Me. 140; *Ordway* v. *Remington*, 12
R. I. 319; *Maduel* v. *Mousseaux*, 29 La. Ann. 228; *Hearne*
v. *Keath*, 63 Mo. 84; *Webster* v. *Steel*, 75 Ill. 544; *Lupton* v.
*Cutter*, 8 Pick. 302; *Andrews* v. *Ludlow*, 5 Pick. 28; *Kill-
more* v. *Howlett*, 48 N. Y. 569; *Davis* v. *Mitchell*, 34 Cal.
88; 36 Cal. 321; *Chandler* v. *Thurston*, 10 Pick. 205; *Faulk-
ner* v. *Waters*, 11 Pick. 473; *Lewis* v. *Lyman*, 22 Pick.
437; *May* v. *Baker*, 15 Ill. 90.)   It was an executory con-
tract that could not be enforced according to its terms.   The
property in the hay and grain did not pass to E. C. Hardesty,
and had the hay been raised after garnishment, and destroyed,
the loss would have been the defendant's.   In no court could
E. C. have maintained an action for the hay.   His only
recourse in case of breach would lie in an action for damages.
(Benj. on Sales, secs. 126, 308–9–10–11, 318, 326, 352, 353;
*Killmore* v. *Howlett*, 48 N. Y. 569.)   There has never been
any attachment of the *contract*.   (Freeman on Ex. secs. 128–
9–30.)   The defendant, on the sixteenth of December, had
nothing in his hands—neither hay nor grain—nor, as we
claim, any *contract*.   There was not a *credit* nor a *debt*.
(*Lupton* v. *Cutter*, 8 Pick. 302, *supra.*; Freeman Ex. 112;
*Killmore* v. *Howlett*, 48 N. Y. 569.)   The attachment pro-
ceeding is not a trustee process; it does not fasten things for
the future, and remotely and contingently, it is unknown to
the common law; it is strictly legal and not equitable, and
being in derogation of the common law, the statute must be
strictly pursued.   (*Hassie* v. *G. I. W. U. Cong.*, 35 Cal.
385; *Clymer* v. *Willis*, 3 Cal. 365; *Roberts* v. *Landecker*, 9
Cal. 265; Drake Att. 451.)   But the contract was not such
an one as might have been levied on.   (36 Cal. 321; *Haffley*
v. *Maier*, 13 Cal. 15.)   This contract was not a *chose in
action*.   (2 Kent, top p. 437.)

.By the Court, BELKNAP, J.:

In the year 1878 one E. C. Hardesty sold and conveyed to

Z. T. Hardesty, the defendant in this action, a tract of farm-
ing land. As part of the consideration of the purchase defend-
ant agreed to cultivate the land, and to deliver to the grantee
stipulated portions of the crops raised therein for several years
then ensuing.

Subsequently E. C. Hardesty made an assignment of his
interest in the agreement to the plaintiffs, and they have
brought this action to recover damages from the defendant for
his failure to deliver to them the portion of the crops to which
they claim to be entitled under the assignment.

Defendant justifies his refusal upon the ground that in an
attachment suit, commenced by Charles Adams against E. C.
Hardesty, the interest of the said E. C. in the agreement was
attached by notice of garnishment served upon the defendant.

At the time of the service of the notice, to-wit: December,
16, 1879, there had been delivered to E. C. Hardesty the pro-
portion of the crops to which he was then entitled, and the
defendant had no property in his possession or under his control
belonging to him. The garnishment related to the crops to be
thereafter raised.

The rights of the plaintiffs attached subsequently to the
service of the notice, and prior to an execution sale of the
contract to Adams, the judgment creditor.

The controlling question in the case is whether any rights
were acquired by Adams by virtue of the proceedings in
attachment; if none were acquired, plaintiffs succeeded to the
interest of E. C. Hardesty in the contract, and the judgment
of the district court in their favor ought not to be disturbed.

The statute touching garnishments provides as follows :
" Upon receiving information in writing from the plaintiff or
his attorney that any person has in his possession or under his
control any credits or other personal property belonging to the
defendant or is owing any debt to the defendant, the sheriff
shall serve upon such person a copy of the writ and a notice
that such credits or other property or debts, as the case may
be, are attached in pursuance of such writ." "All persons
having in their possession or under their control any credits
or other personal property belonging to the defendant, or
owing any debts to the defendant at the time of the service

upon them of a copy of the writ and notice, * * * shall
be * * * liable to the plaintiff for the amount of such
credits, property or debts." * * * (Secs. 1190 and 1191,
Comp. L.)

At the time of the service of the notice and copy of the
writ there was no actually existing debt between E. C. Hardesty and the defendant, and whether such a debt would ever
exist depended upon all of the contingencies attending farming.

It has frequently been decided that debts not actually due
or owing, but depending on a contingency, cannot be reached
by garnishment.

Thus in an early case in Massachusetts it was sought to
garnish the wages of a sailor, which were payable upon the
completion of the voyage upon which he was then embarked.
On the part of the trustee it was admitted that wages certainly payable, although at a future day, could be reached by
attachment, but it was claimed that as payment depended
upon the contingency of the vessel's arrival, he was not chargeable.   The court so held, declaring that "every debt must
be either *solvendum in praesenti* or *solvendum in futuro;*
must be certainly, and in all events, payable; but whenever
it is uncertain whether anything will ever be demandable by
virtue of the contract, it cannot be called a debt." (*Wentworth* v. *Whittemore*, 1 Mass. 472.)

To shippers of a cargo under a contract that the owners of a
ship should receive a share of the profits arising on the cargo
were held not liable as trustees before the termination of the
voyage.

The court said: "At the time of the service of this writ the
ship had not completed her voyage; she might have foundered
or she might have brought the goods to a bad market, so that
there would have been no profits.   What was this at that
time, if any debt at all, but a contingent one?" (*Davis* v.
*Ham*, 3 Mass. 34.)

The same court, in *Guild* v. *Holbrook*, 11 Pick. 101, held
that a person holding real estate upon a promise to sell it and
pay over the proceeds was not liable as trustee in a process of
foreign attachment, it being contingent whether he would ever
sell the property and receive the proceeds.

Again, in *Osborne* v. *Jordan,* 3 Gray. 277, it was held that a party to whom the lay or share of a seaman in a whaling voyage is assigned in trust for the assignor, is not liable as his trustee in foreign attachment, until the lay is set apart and delivered specifically, or paid over in money.

(See also: *Williams* v. *Marston,* 3 Pick. 65; *Grant* v. *Shaw,* 16 Mass. 342; *Wilson* v. *Wood,* 34 Me. 123; *Burke* v. *Whitcomb,* 13 Vt. 421; *Maduel* v. *Mousseaux,* 29 La. Ann. 228; *Haven* v. *Wentworth,* 2 N. H. 93.)

These decisions show that a garnishee cannot be charged whenever it is uncertain whether any property of the debtor will come to his hands, or whether he will ever be indebted to the debtor.

The crops for the years succeeding the service of the notice of garnishment, from famine, or other natural causes, or from artificial causes, might never have been produced. This uncertainty exempted defendant from liability as a garnishee.

Other questions are presented, but the views adopted by the court present an insuperable objection to the defendant's recovery, and render their consideration unnecessary.

Judgment affirmed.