[Civ. No. 4799.    Second Appellate District, Division One.—June 29, 1925.]

KATE COLVER et al., Appellants, v. W. B. SCARBOROUGH COMPANY (a Corporation) et al., Respondents.

[1] DEPOSIT—VOLUNTARY PAYMENT TO CLERK—MONEYS NOT IN CUSTODY OF LAW.—Where, at the time of filing a complaint to set aside a sheriff's sale, the plaintiffs (the former judgment debtors) pay into the hands of the clerk of the court a sum of money sufficient to pay the amount of the judgment that was rendered against them, with costs and interest, but the payment is not made under or in pursuance of any order of court, such payment

is a purely voluntary act on the part of the plaintiffs, and the moneys so paid to the clerk are not in the custody of the law.

[2] ID.—LIABILITY TO LEVY TO SATISFY JUDGMENT—ORDER OF COURT TO RELEASE.—The money so voluntarily deposited by plaintiffs with the clerk of the court, not being in the custody of the law, was subject to levy to satisfy a money judgment rendered against plaintiffs in an independent action, and an order of the court releasing said money in the hands of the clerk was not necessary.

(1) 18 C. J., p. 770, n. 62.    (2) 23 C. J., p. 357, n. 91.

MOTION by appellants to compel respondents to restore moneys deposited with county clerk. Motion denied.

The facts are stated in the opinion of the court.

Wm. M. Morse, Jr., Arthur Lasher and J. W. Hocker for Appellants.

Scarborough & Bowen, Edward T. Bishop, County Counsel, and J. A. Tucker, Deputy County Counsel, for Respondents.

HOUSER, J.—The matter here involved comes to this court on an independent motion made by appellants that the respondents "immediately return to the treasury of the county of Los Angeles the deposit of seven hundred thirteen and 09/100 ($713.09), deposited with the county clerk and by the county clerk deposited in the treasury of the county of Los Angeles, . . . as a tender made by the plaintiffs herein to the sheriff of the county of Los Angeles, one of the defendants herein, on the ground and for the reason that the said sum of money so deposited was in the custody of the law and not subject to attachment, and for the further reason that said sum of money when so deposited as a tender until the tender was refused by the party to whom it was made was then and there the property of the party to whom the tender was made and not subject to attachment against the defendants herein, or either of them."

The essential facts, so far as the present inquiry is affected, are as follows:

2.    See 15 Cal. Jur. 1012.

The plaintiffs brought a suit to set aside a sheriff's sale; and in connection therewith, according to the allegations of their complaint and the findings by the court, they paid into the hands of the clerk of the court the sum of $713.09 for the alleged purpose of paying the amount of the judgment, costs and interest in the case in which the levy, which resulted in the sale of which complaint was made, had issued.

In the suit instituted by the plaintiffs to set aside the sheriff's sale judgment was rendered in favor of the defendants. Theretofore one of the defendants in the suit to set aside the sheriff's sale had in another action recovered a money judgment against plaintiffs herein, upon which judgment execution was levied on the moneys paid by said plaintiffs to the clerk of the court in the suit brought by them to set aside the sheriff's sale, and which levy resulted in such money being paid by the sheriff to the party (one of the defendants herein) who caused such execution to issue.

The principal point relied upon by the moving party in this proceeding is that the money deposited with the clerk of the court was "in the custody of the law and therefore not subject to levy."

[1] One of the allegations contained in plaintiffs' complaint is "that plaintiffs have tendered and offered to pay the full amount of said judgment, . . . and are now still willing to renew said tender, although said I. H. Fiske and said W. B. Scarborough Company, a Corporation (defendants) and said defendant sheriff, and each of them, have refused to accept said tender and offer of payment, and these plaintiffs do at the filing of this complaint pay into the hands of the clerk of this court the sum of $713.09, being sufficient to pay the amount of said judgment, costs and interest."

At the conclusion of the trial the court's findings of fact were in accordance with the said allegations of plaintiffs' complaint in that regard.

Primarily, then, the question to be determined is whether or not the acts of the plaintiffs in paying the money "into the hands of the clerk of this court" had the effect of placing such funds in the custody of the law.

No claim is made by the moving party that the money was paid to the clerk under or in pursuance of any order of

court, and it thus appears that the payment to the clerk was a purely voluntary act on the part of the plaintiffs.

The general rule is that before funds may be said to be in the custody of the law, an order of the court is required to make a deposit of money with the clerk or other representative of the court. The principle is thus stated in volume 18, Corpus Juris, page 770: "In order to complete a deposit and render it legally effective, the money must be delivered pursuant to an order of the court; and if the deposit is made without such order or a subsequent ratification the clerk may refund it" (citing cases).

In the case of *Kimball* v. *Richardson-Kimball Co.*, 111 Cal. 386 [43 Pac. 1111], it appeared that a bank paid money into court in a suit in interpleader without first having obtained an order of court so to do. The money was attached and the court held (syllabus): "When property is lawfully taken by virtue of legal process it is in the custody of the law and not otherwise; and money voluntarily paid into court without an order of court therefor, by a garnishee who has filed a complaint in interpleader against attaching creditors with a view to being discharged from liability to conflicting claimants, is not in the custody of the law, and is the subject of attachment."

In the body of the opinion (p. 394), among other things, the court said:

"We may suppose the court possesses the power to make the order permitting a party in a proper case to do so, but in the present case no such order was made or asked for, and until it was obtained the bank could not, on its own volition, relieve itself from responsibility, by voluntarily placing the property and money in the hands of the clerk, and when so placed it was in no proper sense in the custody of the law.

"When property is lawfully taken, by virtue of legal process, it is in the custody of the law, and not otherwise. (*Gilman* v. *Williams*, 7 Wis. 334 [76 Am. Dec. 219].)

" . . . It is sufficient to say that the property in question was not in the custody of the law, and whether in the hands of the bank or of Ward it was subject to attachment."

See, also, *Coffee* v. *Haynes*, 124 Cal. 561, 566 [71 Am. St. Rep. 99, 57 Pac. 482].

No authorities to the contrary are cited by the plaintiffs other than such as in their respective facts show a con-

structive custody of the funds by the court, such as money collected by a sheriff on execution (*Clymer* v. *Willis,* 3 Cal. 364 [58 Am. Dec. 414]), or money deposited with a sheriff for the release of an attachment (*Hathaway* v. *Brady,* 26 Cal. 581) ; but such cases, as is said in *Kimball* v. *Richardson-Kimball Co.,* 111 Cal. 386, 394 [43 Pac. 1111, 1113], are distinguishable from cases where the facts are such as are presented in the instant case, "because it [the money] is a symbol of and stands in place of the attached property."

It would therefore appear that plaintiffs' contention that the moneys deposited by them with the clerk were in the custody of the law cannot be sustained.

[2] Plaintiffs also present the point "that prior to the levy of the garnishment no order of court having jurisdiction had ordered the release of said moneys to the plaintiffs." But if the rule heretofore announced, that the money was not in the custody of the court, is correct, no order of the court releasing the money in the hands of the clerk would be required.

Several other suggestions, including the question of the authority of this court to grant the order asked by appellants, are made by the respondents as a cause for denying plaintiffs' motion; but in view of the conclusion reached that the money was not in the custody of the court, a consideration of such reasons becomes unnecessary.

The motion is denied.

Conrey, P. J., and Curtis, J., concurred.