PROGRESSIVE BUILDING AND LOAN ASSOCIATION,. PLAINTIFF, v. SAMUEL RUDOLPH, DEFENDANT.

Argued February 15, 1934—Decided June 2, 1934.

For the plaintiff, *Frank Nelson Jess.*

For the defendant, *Meyer L. Sakin.*

LLOYD, J. The application in this case is for an order on the defendant to produce to the sheriff or other appointee a certificate of stock in Samuel Rudolph & Sons, Incorporated, standing in the defendant's name, in order that a levy may be made thereon in pursuance of a writ of execution issued in the cause. I have reached the conclusion that a surrender of the certificate is not essential to the validity of a sale by the sheriff of shares by virtue of execution under the facts as here presented.

The Uniform Transfer act of 1916, page 401, in section 13, provides that "no attachment or levy upon shares of stock for which a certificate is outstanding shall be valid until such certificate be actually seized by the officer making the attachment or levy, or be surrendered to the corporation which issued it, or its transfer by the holder be enjoined."

Sections 4, 5, 6 and 7 of the Executions act (*Comp. Stat.,* *p.* 2244), provide the method of levy on stocks of a corporation belonging to the defendant.

It is quite evident that section 13 of the act of 1916 was passed for the purpose of protecting innocent purchasers of stock and to limit the effect of a levy in conformity with the Execution act unless this protection were afforded either by actual seizure of the certificate, its surrender to the corporation, or the court had previously enjoined the transfer of the stock. In the present case the levy obviously has not been made upon the certificate itself nor has it been surrendered to the corporation. It appears, however, that the transfer of the stock by the defendant has been enjoined by the court, and I assume the injunction has been served and thereby the holder restrained from disposing of it. It would seem therefore that one of the conditions essential to a valid levy by the sheriff exists in the present case, and if so there would appear to be no reason why he should not proceed in accordance with the provisions of the Executions act above referred to.

The application will be denied.