**GREAT FALLS TRANSFER AND STORAGE COMPANY, a Corporation Doing Business as Suhr Transport, Appellant,**

v.

**PAN AMERICAN PETROLEUM CORPORATION, a corporation, et al., Appellees.**

**No. 8083.**

United States Court of Appeals
Tenth Circuit.

Dec. 6, 1965.

Frederick G. Loomis, of Loomis, Lazear, Wilson & Pickett, Cheyenne, Wyo., for appellant.

James P. Castberg, of Copenhaver & Castberg, Powell, Wyo., and W. J. Wehrli, of Wehrli & Williams, Casper, Wyo., for appellees.

Before MURRAH, Chief Judge, and LEWIS and HILL, Circuit Judges.

MURRAH, Chief Judge.

This contest is among rival garnishment claimants to a fund interpleaded by the garnishee in the Wyoming District Court and involves priority of right to such fund.

The stipulated facts are that all of the creditor claimants sued Moore Drilling and Well Service Company for liquidated debts and garnished or attached a debt owing to Moore by Pan American Petroleum Company. The appellant sued Moore in the state District Court in Montana and caused a writ of attachment to be served upon Pan American in that state on September 5, 1963. Another creditor sued Moore in the District Court of Montana and obtained service of a writ of attachment September 11, 1963. The other creditor appellees sued Moore in the Wyoming courts and obtained service of writs of attachment and notices of garnishment on Pan American after issuance and service of the attachments and notices of garnishment in the Montana court. In each case the writ was duly and properly issued, and Pan American separately answered acknowledging the full amount of its debt to Moore. Default judgments were entered against Moore in all of the cases. The debt was insufficient to satisfy all of the claims, and Pan American brought this interpleader action in the federal District Court of Wyoming, deposited the full amount of its debt to Moore in

the Registry of the Court and asked to be discharged with its costs and attorneys' fees. Each of the creditor claimants answered pleading its writ of attachment and judgment and affirmatively asserting its prior and superior right to the garnishment and interpleaded fund.

Upon consideration of the respective claims under the agreed facts, the trial court granted summary judgment holding that the attachments issued in Montana on September 5 and 11, 1963, were " * * * not first in time and best in right for the reason that the money sought to be attached was located in the City of Casper, State of Wyoming * * * ". We take this to mean that the situs of the debt was in Wyoming, and the Montana court, therefore, never acquired jurisdiction over the fund by service of the attachments in that state. The appellant Great Falls Transfer and Storage Company has appealed from the judgment of the court based on that ruling.

We think the law applicable in both Wyoming and Montana is to the effect that " * * * for the purpose of garnishment a debt has no fixed situs and may be reached in any jurisdiction in which the person owing it may be found and subjected to process, provided the person to whom it is due could sue his debtor in that jurisdiction." See Morris W. Haft & Bros. v. Wells, 10 Cir., 93 F.2d 991 and cases cited; Restatement of the Law, A.L.I., Conflict of Laws, § 108, p. 165.

Inasmuch as the writ of attachment was properly served on Pan American in Montana, it must follow that Moore could also have sued on its claim in Montana and obtained service on Pan American there. Thus, the debt owing Moore by Pan American was within the jurisdiction of the Montana Court and subject to its process. This being so, we should be content to rest the case on the proposition that since by first attachment of the debt the Montana Court first acquired jurisdiction of the subject matter and the parties, the Wyoming federal

court is bound to accord full faith and credit to its judgment. See Gannon v. American Airlines, 10 Cir., 251 F.2d 476; Sanders v. Armour Fertilizer Works, 292 U.S. 190, 54 S.Ct. 677, 78 L.Ed. 1206; Continental Bank & Trust Company v. Apodaca, 10 Cir., 239 F.2d 295. But, since, as we shall see, the attachment and garnishment laws of the sister states of Montana and Wyoming are not significantly different, we have no occasion to indulge in a choice of laws.

■■ Under the statutory law of either state, upon service of the writ of attachment on Pan American, the issuing court acquired jurisdiction of the debt and the garnishee thereupon became liable to the garnishor to the extent of the debt until discharged or any judgment recovered is satisfied. See Revised Codes of Montana, 1947, Replacement Volume 7, § 93–4314 [1]; Moreland v. Monarch Min. & Mill. Co., 55 Mont. 419, 178 P. 175; Wyoming Statutes, 1957, § 1–243, § 1–577 [2]; L. C. Jones Trucking Co. v. Superior Oil Co., 68 Wyo. 384; 234 P.2d 802; Hudson Coal Co. v. Hauf, 18 Wyo. 425, 109 P. 21. Both Wyoming and Montana recognize the generally accepted rule that priority in time of service of the writ of attachment determines the superiority of conflicting attachments or garnishments of the same indebtedness. See Moreland v. Monarch Min. & Mill. Co., supra; Revised Codes of Montana, 1947, Replacement Volume 7, § 93–4335; L. C. Jones Trucking Co. v. Superior Oil Co., supra, Wyoming Statutes, 1957, § 1–232.

■ Thus, the courts of two sister states acquired jurisdiction of the debt by attachments, and the garnishee became liable to the claimants in all the cases for the satisfaction of their judgments to the extent of the debt. The beleaguered debtor has availed itself of the federal interpleader statute to submit the fund to the jurisdiction of the federal court in Wyoming for determination of the rights of the rival garnishment claimants to the fund. In determining those rights the federal court is, of course, bound by state law. The filing of the interpleader suit in Wyoming in no way affected the substantive rights of the parties. See Sanders v. Armour Fertilizer Works, supra. The jurisdiction of the Montana court having been first invoked, the claim of appellant in that court is first and best in right and must be honored in this proceedings.

The case is accordingly reversed and remanded with directions to determine rank and priority of the claims in accordance with these views.

1. Section 93–4314 of the Montana Revised Codes provides in pertinent part that "All persons * * * owing any debts to the defendant at the time of service upon them of a copy of the writ and notice, shall be, unless * * * such debts be paid to the sheriff, liable to the plaintiff for the amount of such * * * debts, until the attachment be discharged, or any judgment recovered by him be satisfied."

2. Section 1–243 of the Wyoming Statutes, applicable to the District Court, provides in pertinent part that "An order of attachment shall bind the property attached from the time of service; and the garnishee shall stand liable to the plaintiff in attachment to the amount of the property, moneys, credits, and effects in his possession or under his control belonging to the defendant or in which he shall be interested, to the extent of his right or interest therein, and all assets due and then owing to the defendant, except such as may be by law exempt from execution, from the time he is served with the written notice mentioned * * * *".

Section 1–577 of the Wyoming Statutes, applicable to Justice of the Peace Courts, provides in pertinent part that "All persons * * * owing any debts to the defendant at the time of service upon them of a copy of the writ and notice as provided * * * shall, unless * * * such debts be paid to the officer to whom the writ is directed and delivered, be liable to the plaintiff for the amount of such * * * debts, until the attachment be discharged or any judgment recovered by him be satisfied."