CAROL ANN PETRI, APPELLANT, v. SHERIFF OF WASHOE COUNTY, NEVADA; G. W. BELCHER, RESPONDENTS.

No. 6540

November 30, 1971                    491 P.2d 43

550

*Breen, Young, Whitehead & Hoy,* of Reno, for Appellant.

*Robert E. Rose,* District Attorney, Washoe County, for Respondent Sheriff of Washoe County.

*Samuel B. Frankovich,* of Reno, for Respondent G. W. Belcher.

**OPINION**

By the Court, Zenoff, C. J.:

One H. B. Jackson was sued by Frontier G. M. Diesel, Inc. While that action was pending the First National Bank of Nevada issued a time certificate of deposit payable to the Washoe County Clerk which was delivered to the clerk with instructions to hold the certificate in escrow pending the results of the lawsuit. The lawsuit in fact terminated on December 11, 1968 with a stipulation of dismissal.

Carol Ann Petri commenced an action against H. B. Jackson on October 11, 1968 with a writ of attachment of the same

date. She obtained a judgment exceeding the amount of certificate of deposit on September 12, 1969. On December 11, 1968 G. W. Belcher commenced an action from which a writ of attachment issued on December 12, 1968, also against H. B. Jackson. Judgment in that case exceeding the amount of certificate of deposit was entered on June 17, 1969.

The question presented is the priority of the Petri and Belcher attachments. The trial court found that Belcher was entitled to the certificate of deposit on the ground that Jackson's interest in the certificate was only contingent until the Frontier suit was dismissed and that Belcher's writ was first in time after Jackson's rights became firm. On appeal respondent, despite a cautionary request from this court, failed to file briefs sufficiently responding to the issues raised by appellant. However, because the issues are important, this court will consider them on the basis of applicable law rather than set aside the trial court's judgment for respondent's failure to meet the problems with adequate points and authorities. (If an adequate brief is not received within the prescribed time, the court may deem such failure as a waiver of the right to orally argue the case, SCR 30(2), or such default may be treated as a confession of error, the court then being entitled to reverse the judgment without considering the merits of the appeal. Toiyabe Supply Co. v. Arcade, 74 Nev. 314, 330 P.2d 121 (1958).) The right to oral argument was denied respondent here.

The appellant contends that the certificate of deposit while in the county clerk's possession was not in custodia legis and was therefore subject to attachment. She also asserts that Jackson's interest in the certificate of deposit was subject to attachment and that therefore her attachment being prior in time to Belcher's should be entitled to priority.

1. Ordinarily, absent statutory provision, Nevada having none, property in custodia legis is not subject to attachment without leave of court. In civil actions prosecuted within this state's jurisidiction the deposit of money in court must be made pursuant to NRCP 67(1). This rule is as follows:

## RULE 67. DEPOSIT IN COURT

"(1) In an action in which any part of the relief sought is a judgment for a sum of money or the disposition of a sum of money or the disposition of any other thing capable of delivery, a party, upon notice to every other party, and *by leave of court,* may deposit with the court all or any part of such sum or thing

to be held by the clerk of the court subject to withdrawal, in whole or in part, at any time thereafter upon order of the court. [Emphasis supplied.]"

Thus, in order to invoke the court's protective custody, leave must first be obtained. This was not done here. The certificate of deposit was not in custodia legis. This is the rule followed in California, Union Bank & Trust Co. of Los Angeles v. Los Angeles, 2 Cal.App.2d 600, 38 P.2d 442 (1935); Colver v. W. B. Scarborough Co., 73 Cal.App. 455, 238 P. 1110 (1925); Van Orden v. Golden West Credit and Adjustment Co., 122 Cal.App. 132, 9 P.2d 572 (1932), and by the majority of other jurisdictions (see, Annot., Funds Deposited in Court as Subject of Garnishment, 1 A.L.R.3d 936, 946–47, § 7 (1965)).

Since the certificate of deposit was voluntarily deposited with the Washoe County Clerk pending the results of the Frontier lawsuit the certificate was never within the custody of the court with respect to that action. Therefore, it was not immune from attachment.

2. All of the parties admit that the certificate of deposit represented monies of H. B. Jackson. A certificate of deposit is in effect a promissory note and has the same force and effect as a promissory note. Jensen v. Wilslef, 36 Nev. 37, 132 P. 16 (1913); also NRS 104.3104(2)(c). In the instant case legal title to the certificate vested in the county clerk but an equitable interest remained in Jackson as the person whose funds the certificate represented. The trial court found that the equitable interest of Jackson was too contingent to support an attachment. That court relied upon Reinhart v. Hardesty, 17 Nev. 141, 30 P. 694 (1882), which case concerned the attachment of future crops. The examples utilized by the court in Reinhart related to ocean voyages, seamen's future whaling wages and cargo shippers' contracts. Those examples of contingencies are considerably dissimilar to the $1,875.00 certificate deposited in escrow with the county clerk pending the outcome of specified litigation.

Not every contingency prevents a garnishment. Luigi v. Luchesi, 12 Nev. 306 (1877). In another connection this court in Grouse Cr. Ranches v. Budget Financial Corp., 87 Nev. 419, 488 P.2d 917 (1971), said, at 925, "It is well-established that even though property may be subject to a pledge agreement it may be reached by timely garnishment. [Multiple citations omitted.]"

It seems clear from our view that Jackson's interest in the

certificate of deposit could be attached by Petri and any other creditors, such as Belcher, the only issue being which has priority. The trial court correctly ruled relative to priorities that as between successive attachments of the same property, the one which is earlier in point of time is entitled to priority, irrespective of the time when judgments are recovered in the attachment suits and without regard to which of the two suits was first instituted. The trial court erred when it failed to apply this rule to Jackson's interest. Bass v. Stodd, 357 F.2d 458, 465–66 (9th Cir. 1966); Metcalf Brothers & Co. v. Barker, 187 U.S. 165, 172 (1902); Humbley & Co. v. H. W. White & Co., 133 S.E. 399 (N.C. 1926); Great Falls Transfer & Storage Co. v. Pan Am. Petroleum Corp., 353 F.2d 348 (10th Cir. 1965).

Petri's writ of attachment being issued first in point of time is therefore prior in effect.

Reversed and remanded for proceedings consistent with this opinion.

BATJER, MOWBRAY, THOMPSON, and GUNDERSON, JJ., concur.