**In the Matter of Samuel BRAEN, Jr., Debtor.**

**Bankruptcy No. 86–06241.**

United States Bankruptcy Court, D. New Jersey.

March 11, 1987.

Crummy, Del Deo, Dolan, Griffinger & Vecchione, Frank J. Vecchione, Newark,

---

N.J., Podvey, Sachs, Meanor & Catenacci, H. Curtis Meanor, Newark, N.J., State Court Attys., for Samuel Braen, Jr., debtor.

Klein, Chapman, Greenburg, Henkoff & Siegel, Herbert C. Klein, Clifton, N.J., for Nicholas Laganella and P.T.L. Const. Co.

WILLIAM F. TUOHEY, Bankruptcy Judge.

On February 18, 1987, two matters were brought before the Court in the above captioned matter. The first matter involves a notice of motion filed by the Debtor to authorize Samuel Braen, Jr., as sole shareholder of Sabra Industries, Inc. to transfer title to three motor vehicles. The second matter heard simultaneously is an application for relief from the automatic stay, or in the alternative, for dismissal of the pending Chapter 11 petition. Said application for relief from the automatic stay of the Bankruptcy Code is brought pursuant to 11 U.S.C. § 362. Said relief from the stay is sought by Nicholas Laganella and P.T.L. Construction Co., as judgment creditors of the debtor.

The following documents have been submitted to the Court and constitute the record in this matter:

### As To Vacating The Stay

A. Application for relief from automatic stay filed on behalf of applicant Laganella November 21, 1986.

B. Memorandum of law in support of application filed by attorneys for Laganella.

C. Supplemental memorandum of law in support of application for relief from automatic stay filed January 20, 1987.

D. Affidavit of Leonard A. Paduto, Jr. with supporting documents filed with the Court December 15, 1986.

E. Supplemental affidavit of Leonard A. Paduto, Jr. filed with the Court January 20, 1987.

F. Answer filed by debtor to application for relief from automatic stay filed with the Court December 10, 1986.

G. Brief filed in opposition to application of Laganella for relief from automatic stay.

H. Reply brief filed in support of application for relief from automatic stay filed with the Court February 17, 1987.

I. Letter of Laganella's counsel dated February 19, 1987 addressed to the Court with attached exhibits.

### Motion As To Title To Vehicles

(A) Notice of Motion and supporting documentation filed by the attorneys for the debtor-in-possession on November 21, 1986 seeking authorization to transfer title to three motor vehicles.

(B) Letter filed February 17, 1987 in opposition to debtor's motion concerning motor vehicles.

Having reviewed the above briefs, correspondence, affidavits and supporting documentation attached thereto, and further having listened to the argument of counsel on the return date hereof, the Court makes the following factual determinations:

1. On November 30, 1983, Nicholas Laganella and P.T.L. Construction Co., Inc., as plaintiffs, obtained a final judgment in their favor against the debtor Samuel Braen, Jr., as defendant, in the Superior Court of New Jersey, Law Division, Bergen County, Docket No. L–32674–79. In accordance with a unanimous verdict of the jury rendered in said case plaintiffs Laganella and P.T.L. were awarded compensatory damages of $10,175,000.00 and punitive damages of $150,000.00.

2. On November 30, 1983, the Clerk of the Superior Court of the State of New Jersey duly issued a civil action writ of execution directed to the Sheriff of Bergen County based upon the aforesaid Superior Court judgment.

3. On December 1, 1983, pursuant to the aforesaid writ of execution, the Bergen County Sheriff levied upon the right, title and interest of the debtor-in-possession Braen as to certain bank accounts in the United Jersey Bank located in Wyckoff, New Jersey.

4. On December 5, 1983, the Bergen County Sheriff, pursuant to the aforesaid writ of execution, levied upon the right, title and interest of the debtor-in-possession as to certain bank accounts located in Citizens First National Bank of New Jersey, Wyckoff, New Jersey.

5. On December 9, 1983 the debtor-in-possession (then defendant) Samuel Braen, Jr., through his attorneys, brought an action before the Honorable Benedict E. Lucchi, Superior Court Judge of the State of New Jersey, seeking an injunction of any further levying on said defendant's assets and interests pending disposition of certain motions before the trial judge. On December 9, 1983 State Court Judge Lucchi entered an order reading in part:

i. That all assets levied upon shall not be executed upon pending further order of this Court.

ii. That all monies executed upon and received by the Sheriff be held by Mr. Klein in trust in an interest bearing account until further order of the Court.

iii. That defendant shall be enjoined from transferring any assets other than for normal living expenses.

iv. That the defendant submit to this Court a list of assets which shall be subject to this Order ...

6. On March 19, 1984 a notice of appeal was filed by debtor Braen with the New Jersey Appellate Division.

7. On April 19, 1984 an order of Judge Lucchi of the Superior Court of New Jersey was duly entered keeping the December 9, 1983 stay of levy in place.

8. On May 23, 1984 plaintiff Laganella's motion to the Appellate Division of the State of New Jersey to dissolve the trial court stay entered December 9, 1983, or in the alternative, to require posting of supersedeas bond was denied by the New Jersey Appellate Division.

9. On October 9, 1985, the Appellate Division affirmed the jury verdict in favor of Laganella, et al.

10. On October 11, 1985, an order to show cause was executed by Judge Lucchi returnable October 28, 1985. Said order to show cause dealt with compelling debtor Braen to surrender certain assets.

11. On October 16, 1985 a letter from the law firm representing debtor Braen, was forwarded to the Clerk of Bergen County and reads in part, "Pursuant to an order to show cause entered by the Honorable Benedict E. Lucchi on Friday, October 11, 1985 ... we, as attorneys for Samuel Braen, Jr., enclose the originals of the following stock certificates owned by Samuel Braen, Jr., which are to be held in escrow by your office pending further order of the Court:"

1. Sabra Industries, Inc. (1001 shares)
2. Shahmoon Industries (Shire Corp.) (50 shares)
3. Colonial Sand & Stone Co., Inc. (53 shares)
4. Citizens First Bank Corp., Inc. (122 shares)
5. Horizon Bank Corp. (150 shares)

12. On October 28, 1985, which was the return date of the aforesaid order to show cause, a hearing was held before Judge Lucchi. The Court does not have a transcript of said proceeding; however, the Court notes that an escrow agreement duly entered into on February 28, 1986 between debtor Samuel Braen, Jr. and Theodore Trautwein, as escrow agent, sets forth that at an oral argument held October 28, 1985 counsel for debtor agreed to place a certain Repurchase Agreement in the principal amount of $100,000.00 (Account No. 99999688) in escrow with the said Trautwein. Said fact is uncontroverted by the documents before the Court.

13. By letter dated October 31, 1985, state court counsel for debtor Braen, tendered to Judge Lucchi 13 shares of Fairfield National Bank stock, "to be held in escrow by the Court in the same manner and under the same terms as the stock certificates that I delivered to Your Honor on October 17, 1985."

14. On November 5, 1985 the Appellate Division of the State of New Jersey granted Braen's motion for stay pending appeal.

15. On November 18, 1985, pursuant to letter of said date, state counsel for debtor

Braen tendered three original stock certificates representing 300 shares of United Jersey Bank stock owned by Sabra Industries, Inc. to Judge Lucchi.

16. On February 28, 1986, Samuel Braen, Jr. and Theodore W. Trautwein, Esq., as escrow agent, entered into written escrow agreement dealing with a $100,000.00 Repurchase Agreement from Citizens First National Bank. Said escrow agreement reads in part:

"Title to the above mentioned Repurchase Agreement shall be transferred immediately by Samuel Braen, Jr. to Theodore W. Trautwein, Esq.

The transfer of title by Samuel Braen, Jr. to Theodore W. Trautwein, Esq. shall be irrevocable except as follows ..."

17. On February 28, 1986 Samuel Braen, Jr., as president of Sabra Industries, Inc. executed a Trust Mortgage to Theodore Trautwein as "Mortgagee/Trustee". Said mortgage encumbers 122.148 acres of land in Vernon Township, New Jersey, and was recorded June 25, 1986 in the Sussex County Clerk's office in Book 1050 at page 249.

18. On April 2, 1986 Judge Lucchi entered an order reading in part:

"Samuel Braen, Jr. is the sole stockholder and chief officer of Sabra Industries, Inc., whose principal asset consists of approximately 110 acres of vacant land located in Vernon Township, New Jersey. Theodore W. Trautwein, Esq. is hereby appointed as trust mortgagee of the above real estate, to hold the mortgage in trust for the satisfaction of the final judgment obtained by plaintiff Nicholas Laganella.

Samuel Braen, Jr. also holds a redeposit certificate in the approximate amount of $100,000.00 in the Citizens First National Bank of New Jersey, Ridgewood, New Jersey. Theodore W. Trautwein, Esq. is hereby appointed as trust assignees of the above redeposit certificate, to hold same in trust for satisfaction of the final judgment obtained by plaintiff Nicholas Laganella."

19. On September 8, 1986 a petition for certification filed by Debtor Braen was denied by the New Jersey Supreme Court, 105 N.J. 533, 523 A.2d 174.

20. On October 8, 1986 Samuel Braen, Jr., an individual, filed a voluntary Chapter 11 bankruptcy petition pursuant to Title 11 of the U.S. Bankruptcy Code.

The above facts are not in dispute. The question before the Court is given said facts what are the rights of the judgment holders Laganella and P.T.L. The parties conceded that if the Court finds a valid and perfected judicial lien that the assets at issue clearly are less than the jury verdict and that the stay may be lifted pursuant to Bankruptcy Code Section 362.

The Court finds that in order to determine the existence and validity of a judicial lien in the matter *sub judice* it is necessary to apply New Jersey law. The case of *Butner vs. United States*, 440 U.S. 48, 99 S.Ct. 914, 59 L.Ed.2d 136 (1979) held:

"Property rights are created and defined by state law. Unless some Federal interest requires a different result, there is no reason why such interests should be analyzed differently simply because an interested party is involved in a bankruptcy proceeding." Id.

Under New Jersey law, process to enforce a judgment or order for the payment of money and process to collect costs allowed by a judgment or order shall be by a writ of execution. New Jersey Court Rule 4:59-1(a). The writ may be issued by either the court or the clerk of the court having jurisdiction over the action and unless the court orders otherwise, is directed to the sheriff of the county where the property to be levied upon is located. The writ commands the sheriff to cause the amount due pursuant to the judgment or order to be satisfied out of the goods and chattels in his county belonging to the party against whom the execution issues. If sufficient goods and chattels cannot be found, the whole or residue of the debt is to be made out of the real estate of the judgment debtor. N.J.S.A. 2A:17-1. Except where the judgment is to be satisfied from wages or income, application for the issuance of writs of execution are granted

as a matter of course by the clerk. The writ may be issued at any time within twenty years after the entry of the judgment or order. After its return date, no valid levy can be made, although any lien created by a valid levy will continue in force thereafter. 4 N.J.Practice (*Blacker & Hanson, Practice Forms*) (3rd Ed.1980), § 1921 at 482.

Tangible personal property, money, rights and credits, and real estate of the judgment debtor are subject to levy under a writ of execution. (N.J.S.A. 2A:17–15; N.J.S.A. 2A:17–17 and N.J.S.A. 2A:17–18). Shares of stock are likewise subject to execution, but only in conformity with the statutory provisions protecting their negotiability. No levy is valid upon shares of stock unless the certificate or document is actually seized by the sheriff or surrendered to the issuing corporation, or its transfer enjoined. (N.J.S.A. 2A:17–16 and N.J.S.A. 12A:8–317). In the case of personal property, the lien becomes effective upon the making of the levy by the sheriff but dates back to the time of the delivery of the writ to the sheriff. N.J.S.A. 2A:17–10; *In Re Hiawatha Do It Yourself, Inc.*, 82 N.J.Super. 399, 197 A.2d 715 (County Ct. 1964).

In the present case, the Court is satisfied that the actions taken by debtor Braen in turning over the stock certificates to the Clerk of the Court pursuant to the October 11, 1985 order to show cause entered by Judge Lucchi, constitute a voluntary perfection of the Laganella judgment lien. In short, the facts before the Court establish a valid judgment, writ of execution, and levy within the intent and spirit of N.J.S.A. 2A:17–1 et seq.

A levy of execution has been defined as an absolute appropriation of property of a judgment debtor to the payment of the judgment debt. It is in essence a ministerial act customarily performed by the sheriff. 30 Am.Jur.2nd Exec. § 95. At common law, a levy on goods consisted of an officer's entering the premises where they were and either leaving an assistant in charge of them or removing them after taking inventory. Today, courts differ as to what is a valid levy, but by the weight of authority there must be an actual or constructive seizure of the goods. 30 Am. Jur.2d, supra at § 238. See also *Black's Law Dictionary* (5th Ed. 1979), defining levy as "a seizure".

The official comment to the Uniform Commercial Code points out that in dealing with investment securities, "the instrument itself is the vital thing and therefore a valid levy cannot be made unless all possibility of the security finding its way into a transferee's hands has been removed. This can be accomplished only when the security has been reduced to possession by a public officer or by the issuer." N.J.S.A. 12A:8–317 (Uniform Commercial Code Comment). The underlying philosophy of the three step judicial lien process consisting of (1) judgment, (2) writ of execution and (3) levy, is to bring the property in question under the control of the judicial system and thus perfect the judgment lien. As the comment indicates, one of the underlying principles that requires the sheriff to possess moveable property such as stock certificates is to restrict their free transfer in the marketplace. See generally *Progressive Building & Loan Ass'n. v. Rudolph*, 113 N.J.L. 204 (Law Div.1934); N.J.S.A. 12A:8–317 (Uniform Commercial Code comment *supra*). Thus the Court finds and determines that the voluntary tender of the stock to the court by the debtor constitutes a valid levy and perfection of the judgment lien.

In addition, it is a well settled principle that a bankruptcy trustee is considered a hypothetical lien creditor as of the date of the filing of the bankruptcy petition. *Matter of Blease*, 605 F.2d 97 (3rd Cir.1979). The rights of a bankruptcy trustee then as a judgment lien creditor apply only where there is some interest to which the judgment lien can attach. *Matter of Newcomb*, 744 F.2d 621 (8th Cir.1984) (citing 4 *Collier on Bankruptcy*, § 544.02, .03 (15 ed. 1984). When money or other property is placed in the hands of an officer of the court, it is regarded as in *custodia legis* and as such is not subject to levy by execution. *Vineland Savings & Loan Ass'n. v. Felmey*, 12

N.J.Super. 384, 79 A.2d 714 (Ch.Div.1950); *Naglieri v. Trabattoni,* 20 N.J.Super. 173, 89 A.2d 463 (App.Div.1952).

When the petition for bankruptcy was filed in this case on October 8, 1986, the stock was in the *custodia legis* of the Superior Court of New Jersey and had been since November, 1985. Thus the stock was not subject to levy by the trustee as property to which his status as a lien creditor might attach. *Western Sav. Fund Soc. of Phila. v. Goodman, et al.,* 103 N.J.Super. 307, 312, 247 A.2d 151 (Ch.Div.1968); *Morsemere Fed. Sav. & Loan Ass'n v. Nicolaou,* 206 N.J.Super. 637, 642, 503 A.2d 392 (App.Div.1986) (monies held in the custody of the court should not be subject to levy).

For the foregoing reasons pursuant to Bankruptcy Code Section 362(d), movants Nicholas Laganella and P.T.L. Construction Co. are granted relief from the stay and the Court finds that the Debtor has no equity in the following property:

(A) All assets pledged by the Debtor pursuant to several escrow agreements with Theodore Trautwein including $100,000 Repurchase Agreement and real estate mortgage.

(B) All sums held in trust by the attorneys for Laganella and P.T.L.

(C) Sabra Industries, Inc. (1001 shares)

(D) Shahmoon Industries (Shire Corp.) (50 shares)

(E) Colonial Sand & Stone Co., Inc. (53 shares)

(F) Citizens First Bank Corp., Inc. (122 shares)

(G) Horizon Bank Corp. (150 shares)

(H) Fairfield National Bank stock (13 shares)

(I) United Jersey Trust Bank stock (300 shares)

(J) All assets levied upon by a county sheriff prior to 90 days before the filing of the bankruptcy.

Movants are free to move before the New Jersey State Court in respect to said matters. Accordingly, movant Laganella's alternative request to dismiss the Chapter 11 petition and to award counsel fees is denied. In view of this holding, control of the stock of Sabra Industries, Inc. is under the jurisdiction of the state court and the motion of the Debtor to transfer title to three automobiles is denied without prejudice to Stone Industries, Inc. moving for relief before the state court.