In re Thomas Keith HINES, Bankrupt.

Janet L. CHUBB, Trustee for the Estate of Thomas Keith Hines, Plaintiff,

v.

James E. O'DONNELL, Defendant.

Bankruptcy No. BK–R–79–26.

Adv. No. 87–19.

United States Bankruptcy Court,
D. Nevada.

July 23, 1987.

William L. Gardner, Law Offices of Janet L. Chubb & Associates, Reno, Nev., for plaintiff.

James E. O'Donnell, Fountain Hills, Ariz., in pro per.

MEMORANDUM DECISION

JAMES H. THOMPSON, Bankruptcy Judge.

This matter is before the court on the trustee's motion for summary judgment on the trustee's complaint for turnover filed February 25, 1987. The facts presented by the trustee's motion are not disputed. Therefore, the matter is appropriately before the court on summary judgment pursuant to Bankruptcy Rule 7056 and Fed.R. Civ.P. 56(c).

**700**

## FACTS

On January 25, 1979, the bankrupt, Thomas Hines filed his voluntary petition under the Bankruptcy Act. Janet Chubb was appointed trustee on February 23, 1979. The trustee's complaint for turnover is based on several transactions involving a promissory note that occurred between November of 1977 to the present. The relevant dates and events are as follows:

11/4/77 P & D Land and Investment executed a $23,000 promissory note in favor of Hines. The note was secured by a deed of trust. Hines was paid $15,000 at the close of escrow to be applied as prepaid interest. When the prepaid interest became exhausted on March 3, 1987, the entire principal became due and payable.

7/19/78 Defendant, O'Donnell, filed suit against Hines for collection of an unrelated promissory note.

9/11/78 In response to Hines' motion for a continuance in the O'Donnell case, the state court ordered Hines to deposit the $23,000 P & D note and deed of trust with the clerk of the court. The state court's order indicates that the note is to be held by the clerk as security for any judgment entered in favor of O'Donnell. Hines deposited the note and deed of trust with the clerk on September 13, 1978.

11/2/78 An offer of judgment was entered in favor of O'Donnell in the amount of $10,400.00 plus interest and costs. The judgment was not recorded.

1/25/79 Hines filed his voluntary bankruptcy petition.

8/21/79 O'Donnell filed a proof of claim in the Hines bankruptcy.

9/17/80 The state court released the P & D note held as security for the judgment to O'Donnell for purpose of execution. O'Donnell took possession of the note on September 19, 1980.

10/3/80 The P & D note was sold at an execution sale to Duane Yule, Mr. O'Donnell's stepson, for one dollar.

12/20/82 Yule's beneficial interest in the P & D note and deed of trust were reconveyed to O'Donnell.

2/10/87 The trustee demanded turnover of the P & D note and deed of trust from O'Donnell.

## JURISDICTION

This court has jurisdiction of this adversary proceeding pursuant to 28 U.S.C. § 1334(b). Pursuant to 28 U.S.C. § 157(b)(3), the court finds that this is a core proceeding as defined in 28 U.S.C. § 157(b)(2)(E). Accordingly, the court shall enter final judgment pursuant to 28 U.S.C. § 157(b)(1).

## DISCUSSION

■ The trustee argues that, pursuant to § 70(a) of the Bankruptcy Act, title to the P & D note and deed of trust vested in the trustee when Hines filed his voluntary petition on January 25, 1979,[1] and that O'Donnell's actions against the note were in violation of the automatic stay and, therefore, void. The trustee takes the position that although actual custody of the note was with the state court, Hines remained in constructive possession prior to title vesting in the trustee on the petition date. O'Donnell argues that because the P & D note was deposited with the state court, the note was security for the judgment obtained in that proceeding and that O'Donnell was a secured creditor on the petition date.

Section 70(a) of the Bankruptcy Act generally provides for the vesting of all of the bankrupt's nonexempt assets in the trustee as of the filing of the petition. In relevant part, § 70(a) provides:

§ 70. Title to Property. a. The trustee of the estate of a bankrupt ... shall be vested by operation of law with the title of the bankrupt as of the date of the filing of the petition ... to all of the

---

1. In his bankruptcy petition, Hines listed the market value of the P & D note on Schedule B–2 as $23,000. O'Donnell was listed as an unsecured judgment creditor without priority in the amount of $10,600 on Schedule A–3.

following kinds of property ... (5) property, ..., which prior to the filing of the petition he could by any means have transferred or which might have been levied upon and sold under judicial process against him, or otherwise seized, impounded or sequestered....

At the time Hines filed his petition, the P & D note and deed of trust was in possession of the state court as security for any judgment obtained by O'Donnell. Having obtained a judgment prepetition, O'Donnell might have levied upon the note and had it sold under judicial process to satisfy his judgment. Therefore, the trustee took title to the P & D note and deed of trust pursuant to § 70(a)(5) of the Bankruptcy Act. The court must now turn to the nature of the interest in the P & D note and deed of trust held by the Trustee and O'Donnell.

■ As a general rule, under § 70(a), the trustee takes the bankrupt's property subject to all valid claims, liens and equities. *See, e.g., In re Knox-Powell-Stockton Co.,* 100 F.2d 979, 982 (9th Cir.1939). Thus, to determine the trustee's interest, any competing interest claimed by O'Donnell must be examined.

As previously stated, the $23,000 P & D note and deed of trust was deposited with the state court clerk on September 13, 1978 as security for any judgment obtained by O'Donnell. Judgment was entered in favor of O'Donnell by the state court in the amount of $10,400 on November 2, 1978. Hines filed his bankruptcy petition on January 25, 1979. The rights in the P & D note acquired by O'Donnell under state law as a result of these transactions is not clear.

The transfer to the state court resembles a prejudgment attachment, or a deposit in court pursuant to Nev.R.Civ.P. 67. However, the transaction, as consumated, does not appear to satisfy the requirements of either procedure. The transaction is clearly not a prejudgment attachment because none of the requirements of Chapter 31 of NRS were complied with.

The transaction does not appear to be a deposit in court pursuant to Nev.R.Civ.P. 67,[2] because the P & D note is not the subject of the O'Donnell litigation. *See Frederick Fell Publishers, Inc. v. Lorayne,* 422 F.Supp. 808, 811 (S.D.N.Y.1976) (construing Fed.R.Civ.P. 67). Nonetheless, the Nevada Supreme Court has indicated that "[i]n civil actions prosecuted within this state's jurisdiction the deposit of money [3] in court must be made pursuant to NRCP 67(1)." *Petri v. Sheriff,* 87 Nev. 549, 551, 491 P.2d 43, 44 (1971). Whatever procedure was used, the facts presented clearly indicate that the parties intended that the P & D note was to be held, pursuant to court order, as security for any judgment obtained. The court believes that these facts are sufficient to find that the P & D note was in *custodia legis* at the time O'Donnell deposited the note with the state court clerk. Thus, O'Donnell held a valid lien against the note.

In, *In re Braen,* 72 B.R. 56 (Bankr.D.N. J.1987), the court was faced with a similar situation and reached the same conclusion. There, a creditor had obtained a prepetition judgment against the debtor, who tendered stock certificates to a state court judge in response to an order to show cause which dealt with compelling the debtor to surrender certain assets. After the debtor filed bankruptcy, the creditors moved to lift the automatic stay. The issue before the court was whether the creditors had a valid judicial lien. The court held that the facts presented constituted a voluntary perfection of the judgment and constituted a valid writ of execution and levy within the intent and spirit of New Jersey law. *Id.* at 60. The court went on to hold that the

---

**2.** Rule 67 governs deposits in court and provides in relevant part as follows:

   (1) In an action in which any part of the relief sought is a judgment for a sum of money or the disposition of a sum of money or the disposition of any other thing capable of delivery, a party, upon notice to every other party, and by leave of court, may deposit with the court all or any part of such sum or thing to be held by the clerk of the court subject to withdrawal, in whole or in part, at any time thereafter upon order of the court.

**3.** The court assumes that the term "money" is intended to include any other thing capable of delivery as set forth in Rule 67.

property, being in *custodia legis* was not subject to levy by execution and, therefore, the trustee's status as a hypothetical lien creditor would not defeat the creditor's interest. *Id.*

■ Having found that the P & D note was property of the estate subject to O'Donnell's perfected lien, the court will address O'Donnell's postpetition actions to enforce the lien. Under the bankruptcy act, the automatic stay provisions are contained in the Rules of Bankruptcy Procedure. The provisions regarding the automatic stay against lien enforcement are found in Rule 601 which provides in relevant part as follows:

(a) Stay against lien enforcement. The filing of a petition shall operate as a stay of any act or the commencement or continuation of any court proceeding to enforce (1) a lien against property in the custody of the bankruptcy court, or (2) a lien against the property of the bankrupt obtained within 4 months before bankruptcy by attachment, judgment, levy, or other legal or equitable process or proceedings.

Hines deposited the P & D note with the state court on September 13, 1978 as security for any judgment entered in favor of O'Donnell. Hines subsequently filed his bankruptcy petition January 25, 1979. Thus, the note was deposited with the state court several days outside of the 4 month period stated in Rule 601(a)(2). The lien, being contingent on entry of judgment in favor of O'Donnell, was inchoate on September 13, and became perfected when judgment was entered on November 2, 1978. Although the lien was merely inchoate on September 13, it was obtained at that time, and, therefore, has sufficient status to be excluded from the automatic stay of Rule 601(a)(2).

This result is consistent with the reasoning of *Metcalf v. Barker*, 187 U.S. 165, 23 S.Ct. 67, 47 L.Ed. 122 (1902). In that case, a creditors' action was commenced in state court long before the bankruptcy. A final judgment in that action was entered less than four months before the bankruptcy. The Court noted that the filing of a creditors' bill creates a lien in equity on the judgment debtor's equitable assets. The court held that although the lien created on filing the creditors' bill was contingent, it was a valid and recognized even though the judgment was entered within the four month period prior to the bankruptcy. *Id.* at 174, 23 S.Ct. at 70–71.

■ Having found that Rule 601(a)(2) would not have prevented O'Donnell from enforcing his lien, the court turns to Rule 601(a)(1) to determine whether O'Donnell's method of enforcement of his lien was proper. Under that portion of the Rule, O'Donnell was free to execute on the note unless it was in the custody of the bankruptcy court.

The advisory comments to Rule 601(a)(1) indicate that the bankruptcy court has custody of property if the bankrupt had actual or constructive possession of the property at the date the petition was filed. Actual or constructive possession of property at the commencement of the case is also a central consideration to the court's exercise of summary jurisdiction under the Bankruptcy Act.[4] Here, at the time of filing, the P & D note was in *custodia legis,* and in the actual possession of the state court. Thus, the issue is whether the bankruptcy court was in constructive possession of the note at the time of filing.

Courts have held that where the person holding the property makes no claim to it, the property is in constructive possession of the bankruptcy court, and subject to summary jurisdiction, even though others make adverse claims to the property. *See, e.g., In re Francis Valentine Co.,* 94 F. 793, 794–795 (9th Cir.1899) (property in custody of sheriff). The court is not aware, however, of any case so holding when the disinterested stake holder is a state court.

---

**4.** The filing of a proof of claim may also constitute consent to the court's exercise of summary jurisdiction under the Bankruptcy Act. However, the filing of a proof of claim does not appear to be relevant for the purposes of making a determination of custody under Rule 601(a)(1).

In such a case, the language of the *Metcalf* case would appear to be controlling.

[I]t is well settled that where property is in the actual possession of the [state] court, this draws to it the right to decide upon on conflicting claims to its ultimate possession and control.

. . . .

'It is a doctrine of law too long established to require a citation of authorities, that, where a court has jurisdiction, it has a right to decide every question which occurs in the cause, and whether its decision be correct, or otherwise, its judgment, till reversed, is regarded as binding in every other court; and that, where the jurisdiction of a court, and the right of a plaintiff to prosecute his suit in it, have once attached, that right cannot be arrested or taken away by proceedings in another court. These rules have their foundation, not merely in comity, but on necessity.'

187 U.S. at 175, 23 S.Ct. at 71 (citing *Peck v. Jenness*, 48 U.S. (7 How.) 612, 624, 12 L.Ed. 841 (1849)).

If the property is in the actual or constructive possession of an adverse claimant or in the possession of a state court, the bankruptcy court can proceed no further in the summary proceeding and the trustee can either intervene in the pending action in the state court or may bring a plenary suit in a court of appropriate jurisdiction.

*In re Boylan*, 65 F.Supp. 105, 109 (E.D. Penn.1946).

Based on the foregoing authority, the court concludes that the bankruptcy court did not have custody of the P & D note at the time Hines filed his bankruptcy petition. Therefore, O'Donnell was not stayed from executing on the note under Rule 601(a)(1).

### CONCLUSION

Having found that the trustee's interest in the P & D note and deed of trust was subject to O'Donnell's inchoate lien that was created more than four months prior to the date Hines filed his bankruptcy petition, and that O'Donnell's enforcement of that lien was not in violation of Bankruptcy Rule 601(a), Judgment shall be entered in favor of O'Donnell.

