The facts in this case are that complainant foreclosed a mortgage on three buildings in the town of Irvington. The *Page 546 
buildings were joined together, but were separately encumbered. The bill of complaint sets forth the lien of complainant and the lien of the mortgagees, the third of which are the defendants. An interlocutory decree was entered and the encumbrances proved before the master, who found the amount due. Final decree was entered and sale had. After the sale the Vreeland-Kearney Lumber Company filed a petition asking that the surplus money be held, and claiming priority of an alleged mechanics' lien claim over the lien of the mortgage of these defendants. Vice-Chancellor Fielder, to whom this petition was presented, made an order of reference to John A. Bernhard, Esq., to take testimony and report whether, in his opinion, the Vreeland-Kearney Lumber Company could establish a right of claim. Mr. Bernhard reported that, in his opinion, it could not do so. Exceptions were filed and the Vreeland-Kearney Lumber Company now asks this court to allow them to open the decree and file an answer allowing them to question the mortgage held by the defendant, on the ground that when the corporate debtor executed the mortgage it was insolvent. The corporate debtor is a bankrupt, and one Morris Isserman is trustee in bankruptcy of said corporate debtor. The Vreeland-Kearney Lumber Company filed a lien on November 20th, 1924, in which they made Mr. Isserman a party defendant, as well as the corporation, and also these defendants. It did not prosecute its lien claim by placing the summons and complaint in the hands of the sheriff, but instead presented the summons and complaint to the county clerk, had him endorse on the lien claim the issuance of the summons and then took no further steps. The summons and complaint were not placed in the hands of the sheriff to be served on the defendant until after the sale and until after the original petition by the Vreeland-Kearney Lumber Company was filed in this cause and after the matter had been referred to Mr. Bernhard. After the service of the summons and complaint on these defendants, they answered and took issue on the question of priority of the mortgage over the alleged lien of the Vreeland-Kearney Lumber Company, and *Page 547 
denied the right of the Vreeland-Kearney Lumber Company to a lien on the premises. After the case was at issue the Vreeland-Kearney Lumber Company did not notice the case for trial, and it was finally non prossed. Now, the Vreeland-Kearney Lumber Company, after neglecting its alleged right of lien until after the final decree and sale, and neglecting to prosecute its lien claim at law, desires to open a final decree and permit it to file an answer and cross-bill.
I believe, in the first place, that it was guilty of such laches as not to be entitled to the relief prayed for. Moreover, the petitioner's right to come in is based upon section 58 of the compiled statutes, page 432, which provides —
"Such person may cause himself to be made a party to such suit by petition, in the same manner as is by this act provided in the case of persons acquiring an interest in the subject-matter of a suit after its commencement."
The court, in Insurance Co. v. Schwab, 51 N.J. Eq. 205,
says:
"One who, pending a foreclosure suit, had acquired a contested claim to part of the surplus paid into court on the sale, after satisfying complainant's mortgage, cannot be made a party to the suit by petition, after final decree for the purpose of enforcing such claim."
And, finally, it seems to me, that the only one to raise the question that the petitioner seeks to raise is the trustee in bankruptcy. It is also suggested that the provisions of the Chancery act, permitting a party to come in after bankruptcy and sale, require the petitioner to set forth at length and in full his claim, and that the petitioner has not done so in this case. Also, that on the merits the answering affidavits filed show that there is no equity in the petitioner's claim.
I think it is unnecessary to pass upon these contentions, because for the other reasons I have stated I shall advise a decree denying the permission to the Vreeland-Kearney Lumber Company to file its supplemental petition. *Page 548