**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3052-23

SHMUEL HEIMAN,

    Plaintiff-Appellant,

v.

MARK ENGEL, ORIT ENGEL, and
DMBI LAKEWOOD, LLC,

    Defendants-Respondents,

and

WELLS FARGO BANK, N.A.,

    Defendant,

and

CHIAM BRAND and YAEL BRAND,

    Defendants/Third-Party Plaintiffs,

v.

SOUTH CLEAR, LLC,

    Third-Party Defendant.

_____

Submitted May 29, 2025 — Decided June 23, 2025

Before Judges Walcott-Henderson and Vinci.

On appeal from the Superior Court of New Jersey, Chancery Division, Ocean County, Docket No. F-023851-17.

Robert Cormack, attorney for appellant.

Levin Shea Pfeffer and Goldman, attorneys for respondent DMBI Lakewood, LLC (Adam D. Pfeffer, of counsel and on the brief; Cassandra T. DeStefano, on the brief).

PER CURIAM

Plaintiff Shmuel Heiman (mortgagee) appeals from a June 3, 2024 order denying his motion for surplus funds and awarding those funds to defendant DMBI Lakewood, LLC (mortgagor or DMBI). Plaintiff argues he is entitled to be reimbursed for his payment of a tax lien on the property due to DMBI's failure to pay those taxes in accordance with the mortgage. We reverse and remand.

Plaintiff agreed to a purchase money mortgage with defendants Mark Engel and Orit Engel, which they used to buy three properties. The Engels eventually sold the properties, subject to the mortgage, to DMBI, the sole

2

A-3052-23

defendant remaining in the case.[1]   When DMBI failed to pay the monthly mortgage, plaintiff filed a foreclosure complaint.

On May 10, 2019, the court granted summary judgment in favor of plaintiff and dismissed all other claims and issues.   A final judgment of foreclosure was entered on January 28, 2020.

On May 11, 2022, the subject property was sold at a sheriff's sale to a third party subject to an outstanding tax lien held by Greymorr, LLC (Greymorr), representing the amount of taxes not paid.   According to plaintiff, immediately after the sheriff's sale, DMBI sued plaintiff in Rabbinical court (Beis Din), which directed plaintiff not to record the deed to the property and to hold the proceeds from the sale in escrow pending its ruling.   The Rabbinical court did not disturb the sheriff's sale,[2] and the deed was not recorded until August 17, 2023.

Prior to recording the deed, on August 3, 2023, Greymorr filed a foreclosure complaint against DMBI and plaintiff, seeking to foreclose on the

---

[1]  Defendants Chaim Brand, Yael Brand, and Wells Fargo Bank, N.A. settled and were dismissed from the case prior to this appeal.

[2]  The Beis Din decision is not part of the record on appeal.

property and for payment of the lien amount due on the tax certificate, together with all subsequent municipal liens paid, interest, and costs.

On August 28, 2023, plaintiff paid $31,904.49 to satisfy the tax lien and costs. In his certification in support of his motion for reimbursement from the surplus fund, plaintiff certified he paid the tax lien to protect his business reputation, end the suit against him, and avoid foreclosure of the tax sale certificate with respect to taxes not paid by DMBI.

Plaintiff moved for reimbursement of the entire amount paid to satisfy the tax lien from the surplus funds arising out of the sheriff's sale of the property. Before the motion court, plaintiff argued the property taxes remained unpaid following the entry of the foreclosure judgment against DMBI, and, as a real estate investor, he was concerned about his reputation and paid the tax lien to resolve the suit against him. He further argued DMBI had a duty under the mortgage to pay the property taxes and did not, resulting in the lien.

On March 18, 2024, Moshe Koot, DMBI's agent, cross-moved for disbursement of the entire amount held in the same surplus funds, $76,629.95, asserting that he was "requesting the remaining money be released to [him] as . . . the [one-hundred] percent owner of the property, and all other outstanding parties ha[d] been paid."

4

The court addressed the parties' competing motions and issued a single, concise written statement concluding:

> It is evident to the court that [p]laintiff's payment of $31,904.49 was gratuitous and made solely for the purpose of preserving his reputation. There was not a necessity for him to make such a payment, as the lien would have been satisfied by the surplus from the [s]herrif['s] [s]ale. Plaintiff's concern for his reputation led him to take this action. From a legal perspective, there is no justification for granting [p]laintiff the reimbursement he seeks. The foreclosure action initiated against [d]efendant would have resolved any inability to pay off the tax certificate held by [Greymorr]. Furthermore, any potential liability would lie with the successful third-party purchaser at the [s]heriff['s] [s]ale, as they would have been aware, and liable for any of the outstanding taxes. Accordingly, [p]laintiff cannot claim entitlement to reimbursement in this matter against [d]efendant. Plaintiff's claim, if any, would possibly be against the successful third-party purchaser, not [d]efendant.

The court entered two separate orders: denying plaintiff's application and granting DMBI's cross-application for the release of the remaining amount of surplus funds—$76,629.65—plus any accrued interest to Koot, without further explanation.

A trial court's findings of fact are accorded substantial deference and appellate courts are obliged to consider such findings "binding on appeal when supported by adequate, substantial[,] and credible evidence." Rova Farms

5                                                                            A-3052-23

Resort, Inc. v. Invs. Ins. Co. of Am., 65 N.J. 474, 484 (1974). "A trial court's interpretation of the law and the legal consequences that flow from established facts are not entitled to any special deference." Manalapan Realty, L.P. v. Twp. Comm. of Twp. of Manalapan, 140 N.J. 366, 378 (1995).

Before us, plaintiff argues he paid the tax lien because he "was sued to foreclose a tax sale certificate with respect to taxes which were not paid by [d]efendant DMBI," and his claim is "consistent with the [c]ourt's ruling which stated the lien would be satisfied by the surplus funds from the [s]heriff['s] sale." He maintains that several provisions in the original mortgage confirm his legal right to pay the outstanding taxes and seek reimbursement from DMBI, referring to paragraphs 4, 7, 9, and 10, and given the express terms of the mortgage, payment of the tax lien was his right, and therefore not gratuitous.

More particularly, he asserts that under paragraph 4(d) of the mortgage, DMBI agreed to "pay all liens, taxes, assessments[,] and other government charges when due," and under paragraph 7, entitled "Payments Made for Borrower(s)," DMBI agreed that "[i]f [it] d[id] not make all of the repairs or payments so agreed in this [m]ortgage, [plaintiff] may do so for [it]." Plaintiff further contends that under paragraph 9 of the mortgage, DMBI agreed that "[i]f [plaintiff] declares that [it was] in default, [DMBI] must immediately pay the

6

full amount due of all unpaid [p]rincipal, [i]nterest, other amounts due on the [n]ote and this [m]ortgage[,] and [plaintiff]'s costs of collection and reasonable attorney fees." Lastly, he argues, the order mandates the payment of money to Koot, not DMBI, who could in turn refuse to reimburse plaintiff.

N.J.S.A. 2A:50-37 provides:

> The moneys arising from a [sheriff's] sale . . . shall be applied to pay off and discharge the moneys ordered to be paid, and the surplus, if any, shall be deposited with the court and the same shall be paid to the person or persons entitled thereto, upon application therefor, as the court shall determine.

The surplus funds law undoubtedly provides that those funds shall be paid to persons entitled to receive compensation from the funds in the discretion of the court. The question is whether plaintiff qualifies as a person "entitled" to compensation from the funds. We conclude that under the unique circumstances of this case, the court erred by finding, without sufficient reasoning, plaintiff was not so entitled.

In our view, plaintiff established a legal entitlement to the surplus funds under the express terms of the mortgage, which required DMBI to pay the taxes on the property, and provided that in the event no such payments were made, plaintiff could make the payments and seek reimbursement. This is precisely what occurred here, the sole difference being that plaintiff did not make the

outstanding tax lien payments until after Greymorr filed a separate complaint against DMBI and plaintiff. As plaintiff asserts, several provisions in the original mortgage make clear DMBI's responsibility to pay the taxes and in the event those payments were not made, plaintiff had a "legal right to pay the outstanding taxes under paragraph 7 . . . of the mortgage and sue for reimbursement under paragraph 10."

The terms of the mortgage notwithstanding, the court also erred by failing to appreciate the delay in filing the deed was the result of DMBI's actions in seeking and obtaining a "stay" of the recording of the deed in Rabbinical court. The record shows the sheriff's sale occurred on May 11, 2022, and Greymorr filed its tax foreclosure complaint on August 3, 2023. As the court noted, the foreclosure action initiated against DMBI would have resolved any inability to pay off the tax certificate held by Greymorr. However, given the delay in recording the deed and completing the sale, the third-party purchaser was not yet liable and, therefore, plaintiff's payment of the tax lien was not unreasonable. See Branco v. Rodrigues, 476 N.J. Super. 110, 117 (App. Div. 2023) ("In New Jersey, ownership of real property is transferred by deed. 'Transfer of real property interest by deed is complete upon execution and delivery of the deed

8

by the grantor, and acceptance of the deed by the grantee.'") (internal citations omitted) (quoting H.K. v. Dep't of Hum. Servs., 184 N.J. 367, 382 (2005)).

Based on this record, we are hard-pressed to conclude that plaintiff could not pay the taxes—for which he and DMBI arguably remained liable—and seek reimbursement from the surplus funds. See Morsemere Fed. Sav. & Loan Ass'n v. Nicolaou, 206 N.J. Super. 637, 643 (App. Div. 1986) ("Upon establishing entitlement, applications under [N.J.S.A. 2A:50-37] should be granted."). Moreover, we are not persuaded it is equitable to permit DMBI, which failed to pay the taxes on the property in the first instance, access to all remaining surplus funds. "A court of equity has the inherent power to prevent a potential double recovery or windfall." Id. at 645; see also GMAC Mortgage, LLC v. Willoughby, 230 N.J. 172, 189 (2017) ("Our chancery courts are courts of equity . . . .").

Lastly, the court did not explain its basis for granting DMBI's motion and awarding all of the remaining surplus funds to DMBI. Rule 1:7-4(a) mandates that "on every motion decided by a written order that is appealable as of right," the court "shall, by an opinion or memorandum decision, either written or oral, find the facts and state its conclusions of law thereon." See Gnall v. Gnall, 222 N.J. 414, 428 (2015) ("Failure to make explicit findings and clear statements of

reasoning [impedes meaningful appellate review and] 'constitutes a disservice to the litigants, the attorneys, and the appellate court.'") (quoting <u>Curtis v. Finneran</u>, 83 N.J. 563, 569-70 (1980)). "Naked conclusions do not satisfy the purpose of <u>R[ule]</u> 1:7-4." <u>Curtis</u>, 83 N.J. at 570. Accordingly, we reverse the court's orders denying plaintiff's motion and granting DMBI's, and remand for further proceedings consistent with this opinion.

Reversed and remanded. We do not retain jurisdiction.

I hereby certify that the foregoing is
a true copy of the original on file in
my office.

*M.C. Harley*

Clerk of the Appellate Division

A-3052-23